120 P.3d 755

J. Craig LESTER, a single man, Plaintiff–Respondent,

v.

Michael R. SALVINO and Jane Doe Salvino, husband and wife, and The Hydraulic Center, Inc., a Washington corporation and Louis L. Soule, d/b/a/ Wholesale Hydraulics, an Idaho corporation, Defendants,

and

Michael E. Ramsden, Real Party in Interest–Appellant.

No. 29895.

Court of Appeals of Idaho.

Sept. 8, 2005.

938

Ramsden & Lyons, Coeur d'Alene, for appellant.

Irwin, Myklebust, Savage & Brown PS, Pullman, Washington, for respondent. (Did not participate on appeal)

GUTIERREZ, Judge.

Michael E. Ramsden appeals from the order of the district court imposing I.R.C.P. 11 sanctions. Ramsden contends that the court abused its discretion in awarding, *sua sponte,* sanctions under Rule 11 against him because the district court applied an incorrect legal standard. We affirm.

## FACTS AND PROCEDURE

J. Craig Lester sued Michael R. Salvino for personal injuries arising out of an automobile accident. Lester sent Salvino requests for admissions pursuant to I.R.C.P. 36. Among other things, he requested admissions that a breath test administered to Salvino yielded results of .13 and .14, that Salvino was given a citation for driving under the influence the day after the accident, that Salvino pled guilty to that charge and that a document attached to the requests for admissions was a true and correct copy of the judgment of conviction. Lester also served interrogatories, one of which asked that Salvino state each and every fact, witness and/or document that served as a basis for any response to a request for admission other than an unqualified admission. Ramsden, Salvino's attorney, acting on behalf of Salvino answered all the requests for admission with a denial. Ramsden answered the interrogatory requesting the basis for these denials with the explanation, "These defendants intend to put the plaintiff to his proof, which is a sufficient basis for the denials." Unsatisfied with Salvino's response, Lester served Salvino with a second set of requests for admission, which was substantially similar to the first set. Again Ramsden answered the requests for admission with a denial. Upon this second denial, Lester moved for a determination of the sufficiency of the answers to requests for admission pursuant to I.R.C.P. 37(a)(4). After making this motion, Lester served Salvino with a second set of interrogatories, again requesting the factual and legal basis for the denials. Ramsden, on behalf of Salvino, again answered, "These defendants intend to put the plaintiff to his proof, which is a sufficient basis for the denials."

Lester's motion to determine the sufficiency of Salvino's answers to Lester's first and second requests for admission came to a hearing, at which the district court noted that I.R.C.P. 36 allowed Salvino to respond to the requests for admission with a mere denial. However, the court also noted that it did not interpret the discovery rules to per-

mit Salvino to answer a follow-up interrogatory which sought the factual basis for denying the requests for admission by stating, "[we] intend to put the plaintiff to his proof." The court explained that the purpose of the discovery rules is to "provide discovery on both sides" and Salvino's response ignored the purpose of discovery rules. Thereafter, Salvino requested and was granted fifteen days to amend the answers to the requests for admission. The district court orally awarded Lester the costs of bringing the motion pursuant to I.R.C.P. 37(a)(3) and (4).

Thereafter, Ramsden filed a motion for reconsideration, which requested the court to reconsider its award of costs and which further explained the reasons why Ramsden had denied the requests for admission. However, Ramsden's explanation focused on whether the requested information would be admissible at trial and failed to mention the facts or lack thereof upon which the denials were based.

The court held a hearing on this motion for reconsideration. At this hearing, Ramsden admitted for the first time that there existed no facts upon which the denials of the requests for admission were based. With this new information revealed, the trial court explained the problem with Ramsden's answer to the interrogatory:

> It [the interrogatory] says what facts do you base your denial on? It asks you to identify the facts, and if you don't have any facts, say you don't have any facts, [do] not say we intend to put the plaintiff to his proof. I think that's game playing.

The district court took the matters under advisement, and subsequently entered its memorandum decision and order. In its decision, the district court held Ramsden's denials to be "sufficient" responses to the requests for admission. On the other hand, the district court found Ramsden's answers to the interrogatories insufficient and *sua sponte* granted sanctions under I.R.C.P. 11(a)(1) against Ramsden because he did not include in the interrogatory answers a statement that there were no facts upon which the

denials to the requests for admission were based. Ramsden appeals.

## II.

## ANALYSIS

The standard of review of an order granting I.R.C.P. 11(a)(1) sanctions is abuse of discretion. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Specifically, the inquiry is whether the trial court correctly perceived the issue as one of discretion; whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and whether the trial court reached its decision by an exercise of reason. *Id.* The imposition of attorney fee sanctions for litigative misconduct is governed by I.R.C.P. 11(a)(1), which in relevant part provides:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Rule 11 therefore authorizes the court to impose sanctions, including attorney fees, on its own initiative, upon an attorney who signs a pleading, motion, *or other paper* which violates the requirements of Rule 11.[1] The

---

1. The Idaho Supreme Court has stated in dicta that the signature requirement of Rule 11 for any "pleading, motion, or other paper" includes discovery responses. *Payne v. Wallace*, 136 Idaho

signer's signature certifies that to the best of the signers knowledge, information and belief after reasonable inquiry, the pleading, motion or other paper is well grounded in fact, warranted by existing law or a good faith argument for the modification, or reversal of existing law, and not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increases in the costs of litigation. I.R.C.P. 11(a)(1). The intent of the rule is to grant the courts the power to impose sanctions for discrete pleading abuses or other types of litigative misconduct. *Campbell v. Kildew*, 141 Idaho 640, 115 P.3d 731 (2005). The rule is considered a management tool to be used by the district court to weed out, punish and deter specific frivolous and other misguided filings. *Id.*

■ In the instant case, the district court imposed sanctions against Ramsden, defendant's counsel, because of Ramsden's answers to the plaintiff's interrogatories. The plaintiff's interrogatories asked for the factual basis upon which Ramsden denied the plaintiff's requests for admission. Instead of stating that no factual basis for the denial existed, Ramsden's answer stated, "These defendants intend to put the plaintiff to his proof." We agree with the district court that Ramsden's response violates both the spirit and language of the discovery rules. Rule 11 imposes an affirmative duty upon parties to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of the discovery rules. *See* 8 WRIGHT, MILLER. & MARCUS, FEDERAL PRACTICE AND PROCEDURE: § 2052 at 626 (ed. 1994).

■ The principal purpose of interrogatories is to afford parties information in the possession of the other party regarding the issues in suit to enable the propounding party to prepare for trial and to reduce the possibility of surprise in the trial. *Smith v. Big Lost River Irrigation Dist.*, 83 Idaho 374, 383, 364 P.2d 146, 151 (1961). Rams-

den's interrogatory response did not comport with the intended purpose of interrogatories. Ramsden's response did not provide the plaintiffs any information regarding the existence or nonexistence of facts related to the demands in the requests for admission. Only after a motion was filed and two hearings held, did Ramsden disclose the information sought through Lester's discovery requests. The unnecessary time and expense Ramsden caused to be spent in acquiring discovery information constitutes litigative misconduct by Ramsden punishable with Rule 11 sanctions. Ramsden's misconduct violated his certification that his interrogatory response was not being interposed for the improper purpose of causing an unnecessary delay of or needless increase in the cost of litigation.

■ Ramsden's interrogatory response additionally violated his Rule 11 certification because his response failed to be warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Ramsden's claim that a defendant is entitled to refuse to disclose information requested in discovery and instead "to put the plaintiff to his proof," appears to conflate the rights of an accused in a criminal case with the rights and obligations of civil litigants. Unlike a criminal defendant who may invoke the Fifth Amendment right to remain silent and force the state to prove its case, a civil litigant may be compelled, by the rules of discovery, to divulge unprivileged information that will aid his or her opponent. Rule 26(b)(1) permits parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Rule 33(a)(2) requires that each interrogatory "be answered separately and fully in writing under oath, unless it is objected to...."

Ramsden justified his response by stating that it was a strategic or tactical decision. However, an attorney cannot in the guise of

303, 310, 32 P.3d 695, 702 (2001). The award of sanctions in this case could perhaps have been more appropriately made under I.R.C.P. 26(f), which is very similar to Rule 11(a)(1) but applies specifically to signatures by attorneys or parties on discovery requests, responses, or objections.

Nevertheless, because it appears that the basis and standards for sanctions under the two rules are essentially the same insofar as applicable to this case, we find no error in the trial court's invocation of Rule 11(a)(1) instead of Rule 26(f).

pursuing strategy, evade the requirement that interrogatory responses be truthful and warranted by existing law. Ramsden's strategy to avoid disclosing facts that he claimed would be inadmissible in trial, is not warranted by existing law. Rule 26(b)(1) expressly provides that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The discovery rules require a defendant's answer to be responsive, full, complete and unevasive. 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2177 (2d ed.1994). A full, complete and unevasive answer in the instant case would require Ramsden to provide all facts available to him upon reasonable inquiry, even those inadmissible at trial or *those the plaintiff bears the burden to prove.* *See* Alexander Holtzoff, *Twelve Months under the New Rules of Civil Procedure,* 26 A.B.A. J. 45, 48 (1940) (The moving party may take depositions not only for the purpose of obtaining evidence on issues on which he has the burden of proof, but also for the purpose of inquiring into matters relating to his adversary's case.); *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (Admissibility at the trial is not the limit of discovery and discovery may properly be had of inadmissible matter.); *Patterson Oil Terminals, Inc. v. Charles Kurz & Co.,* 7 F.R.D. 250 (E.D.Pa.1945) (The answers to interrogatories are not considered evidence until offered, as such, at trial, when they can be excluded upon proper objection if not material or relevant.). Hence, Ramsden's interrogatory answer violated Ramsden's certification that his discovery response was warranted by existing law, or a good faith argument for the extension, modification or reversal of existing law.

Ramsden argues that the district court failed to find, as required when imposing Rule 11 sanctions, that Ramsden did not make a reasonable inquiry into the facts and legal theories. *See Hanf v. Syringa Realty, Inc.,* 120 Idaho 364, 369, 816 P.2d 320, 325 (1991). While the court does not explicitly state its finding that Ramsden failed to make a reasonable inquiry into the facts and legal theories, it is clear from the district court's statements at the two hearings and in its memorandum decision and order that the finding was implicitly made. We therefore conclude the district court properly imposed sanctions against Ramsden because Rule 11 is specifically designed to be a management tool by which the district court can, among other things, punish actions such as Ramsden's evasive discovery answering, which constitute litigative misconduct.

### III.

### CONCLUSION

We conclude that the district court did not abuse its discretion in awarding attorney fees under I.R.C.P. 11(a)(1) because it applied the proper legal standard. Therefore, the district court's order imposing sanctions is affirmed.

Chief Judge PERRY and Judge LANSING concur.