IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 38217

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF JANE (2010-28) DOE AND JOHN DOE. | ) ) ) ) | Boise, February 2011 Term |
| ------------------------------------------------------- | ) | 2011 Opinion No. 34 |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | Filed: March 17, 2011 |
| Petitioner-Respondent, | ) ) | Stephen Kenyon, Clerk |
| v. | ) ) ) | |
| JANE (2010-28) DOE and JOHN DOE, | ) ) | |
| Respondents-Appellants | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Fremont County. Hon. Gregory W. Moeller, District Judge. Hon. Penny J. Stanford, Magistrate Judge.

The decision of the district court is affirmed.

R. James Archibald, Idaho Falls, for appellants.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

**ON THE BRIEFS**

HORTON, Justice

This case is an appeal from the district court's decision affirming the termination of Jane Doe's (Mother) and John Doe's (Father) parental rights. This appeal was filed prior to the rule change in 2009 that allows for a direct appeal to this Court from a magistrate's decision granting or denying a petition for termination of parental rights. I.A.R. 11.1. Bearing in mind the concerns for both the children and the parents in such cases that motivated our decision to adopt rules expediting such appeals, we have attempted to adhere to the expedited time-frame of I.A.R. 12.2. We affirm the decision of the district court which, in turn, affirmed the magistrate court's orders terminating Mother's and Father's parental rights.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father are the parents of two children and Mother is the parent of a third child by a different father.[1]  Between April, 1999 and April, 2006, the Idaho Department of Health and Welfare (IDHW) received nine separate reports alleging that the children were being neglected.  These reports related to the conditions in the family home.  Beginning in 2004, IDHW was actively involved with the family, with a caseworker visiting the home and IDHW providing financial assistance by paying bills for overdue utilities, purchasing items needed for home repairs, and supplying cleaning materials.  The family was also assisted by the children's teachers and teachers' aides, who would take the children to the bathroom to clean them and comb their hair before school.  In April, 2006, IDHW took the children into custody.  In August, 2006, Mother and Father divorced.  Mother and Father briefly lived apart before Father permanently moved back into the family home and they remarried.

IDHW developed a case plan to attempt to reunite the children with their parents.  Over the next two years, the children were repeatedly placed back in the home, only to have the conditions in the home rapidly deteriorate, again necessitating removal of the children.  On March 2, 2008, IDHW filed the present Petition to Terminate Parental Rights.  The children have been placed with Father's sister who allows Mother and Father to visit the children.

In the summons, Mother and Father were notified of their right to counsel and the right to have counsel appointed.  The trial court granted their request for a court-appointed attorney who jointly represented Mother and Father throughout these proceedings.  During the pendency of the proceedings, four different magistrate judges were assigned to the termination proceedings.  Of these, the state moved for a recusal of the first judge under I.R.C.P. 40(d)(1) and the second and third judges issued orders of self-disqualification.  A trial occurred in October, 2008, and the magistrate judge subsequently issued a memorandum decision and order terminating Mother's and Father's parental rights.  The magistrate judge found that the state had shown, by clear and convincing evidence, that the children were neglected, as defined by I.C. § 16-1602(25), and that it was in the best interests of the children that Mother's and Father's parental rights be terminated.  Accordingly, the trial court terminated Mother's and Father's parental rights.

Mother and Father appealed to the district court.  On appeal, they did not challenge the basis for the magistrate judge's determination that their parental rights should be terminated.

---

[1] The father of the third child stipulated to the termination of his parental rights.

Rather, they argued that separate counsel should have been appointed for Mother and Father and that the magistrate judge should have recused herself.[2] The district court rejected these arguments, finding that the arguments were waived as they were not raised before the magistrate judge. In the alternative, the district court held that Mother and Father had failed to show a conflict that adversely affected their representation and that they had failed to demonstrate bias on the part of the magistrate judge. The district judge consequently affirmed the magistrate court's termination order. Mother and Father now appeal to this Court.

## II. STANDARD OF REVIEW

In an appeal from the district court, acting in its appellate capacity, this Court:

> reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981), *quoted in Doe v. State*, 137 Idaho 758, 759-60, 53 P.3d 341, 342-43 (2002).

In this appeal, Mother and Father have challenged their joint representation and the magistrate judge's failure to recuse herself, arguing that these constitute reversible error. The question of joint representation concerns the scope of I.C. § 16-2009 and is, consequently, a question of statutory interpretation that may be impacted by the constitutional requirements of due process and parents' "fundamental liberty interest in maintaining a relationship with his or her child." *In re Adoption of Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006) (citing *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002)). "Both constitutional questions and questions of statutory interpretation are questions of law over which this Court exercises free review." *Stuart v. State*, 149 Idaho 35, __, 232 P.3d 813, 818 (2010) (citing *Federated Publ'ns, Inc. v. Idaho Bus. Rev., Inc.*, 146 Idaho 207, 210, 192 P.3d 1031, 1034 (2008)).

In reviewing the parents' argument regarding the trial judge's failure to recuse herself under I.R.C.P. 40(d), "whether it is necessary for a judicial officer to disqualify himself in a given case is left to the sound discretion of the judicial officer himself." *Bradbury v. Idaho Judicial Council*, 149 Idaho 107, ___, 233 P.3d 38, 44 (2009) (citing *Sivak v. State*, 112 Idaho

---

[2] Mother and Father advanced a third argument regarding the transcript of the termination proceedings that was withdrawn at oral argument.

197, 206, 731 P.2d 192, 201 (1986)). In determining whether the trial court has abused its discretion, this Court examines:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Baxter v. Craney*, 135 Idaho 166, 169, 16 P.3d 263, 266 (2000) (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

### III. ANALYSIS

As noted above, Father and Mother do not challenge the basis upon which the magistrate judge terminated their parental rights; rather, they raise two procedural issues in this appeal. First, they argue that the same attorney should not have represented both Father and Mother during the termination proceedings. Second, they argue that the magistrate judge should have recused herself because, during her time as a prosecutor, she prosecuted Father for a number of offenses. We address these issues in turn.

### A. Mother and Father have failed to show that an actual conflict arose that would render joint representation improper.

Idaho Code § 16-2009 provides the right to appointed counsel in terminations of parental rights.[3] In the present case, a single attorney was appointed to represent both Mother and Father without objection from the attorney or from the parents. Idaho's appellate courts have not previously addressed the scope of I.C. § 16-2009 in the context of joint representation. At the outset, we note that I.C. § 16-2009 does not mandate the appointment of separate counsel for parents in proceedings terminating parental rights. Nevertheless, a parent has a "fundamental liberty interest in maintaining a relationship with his or her child," *In re Adoption of Doe*, 143 Idaho at 191, 141 P.3d at 1060, and Idaho's Rule of Professional Conduct 1.7 prohibits representation where "there is a significant risk that the representation . . . will be materially limited by the lawyer's responsibilities to another client . . . ." We conclude that I.C. § 16-2009 does provide for effective representation in proceedings terminating parental rights. Based on

---

[3] In relevant part, the statute states:
> The parent or guardian ad litem shall be notified as soon as practicable after the filing of a petition and prior to the start of a hearing of his right to have counsel, and if counsel is requested and the parent or guardian is financially unable to employ counsel, counsel shall be provided. The prosecuting attorneys of the several counties shall represent the department at all stages of the hearing.

I.C. § 16-2009.

- 4 -

that conclusion, we need not address the question of whether the due process clause, standing alone, would require appointment of counsel in this case or, having appointed counsel, what standard of effectiveness due process would mandate. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 31-32 (1981) (establishing a case-by-case determination of whether due process requires appointment of counsel in termination proceedings).

While the question of joint representation in termination proceedings has not been addressed in Idaho, there is a well-developed body of case law relating to the question of joint representation in criminal matters. This Court has stated:

> Whether a trial court's failure to adequately inquire into a potential conflict of interest is enough, on its own, to justify reversal depends on whether the defendant objected to the conflict at trial. When a trial court fails to make a proper inquiry, but the defendant did not object to the conflict at trial, the defendant's conviction will only be reversed if he or she can prove that an actual conflict of interest adversely affected his lawyer's performance.

*State v. Severson*, 147 Idaho 694, 703, 215 P.3d 414, 423 (2009) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 346-48 (1980)). In other jurisdictions that have faced similar questions, the adoption of this standard has been nearly universal. *See, e.g.*, *State ex rel. V.H.*, 154 P.3d 867 (Utah Ct. App. 2007) (requiring a demonstration of prejudice); *Baker v. Marion Cnty. Office of Family & Children*, 810 N.E.2d 1035, 1041 (Ind. 2004) (focusing on "whether it appears that the parents received a fundamentally fair trial whose facts demonstrate an accurate determination"); *In re Heather R.*, 694 N.W.2d 659, 661 (Neb. 2005) (requiring a showing that the "lawyer actively represented conflicting interests and that the actual conflict of interest adversely affected the lawyer's performance"); *State v. Joanna V.*, 75 P.3d 832, 836 (N.M. Ct. App. 2003) ("A defendant claiming ineffective assistance of counsel based on conflict of interest must show an actual conflict existed; a mere possibility of a conflict is not sufficient to support the claim."); *In re B.L.D.*, 113 S.W.3d 340, 348 (Tex. 2003) ("[T]he trial court's inquiry . . . is limited to whether there is an actual conflict of interest."); *In re Kafia M.*, 742 A.2d 919, 927-28 (Me. 1999) (requiring a showing of conflict of interest during the period of joint representation).

Applying this standard, Mother and Father have failed to show an actual conflict of interest that adversely affected their lawyer's performance. They cite a number of instances in the record where conflict within the home was made an issue during trial. They mention one instance where testimony focused on the state of Mother's trailer when Father was not residing in the family home. Finally, they mention the fact that Mother and Father divorced during the

termination proceedings (though they later began living together again and subsequently remarried) and that they had different responsibilities under the case plans developed by IDHW. These instances do not demonstrate an actual conflict of interest. The parents' divorce was not concealed from the court and the magistrate judge's decision carefully differentiated between the roles Mother and Father played (or failed to play) in the parenting relationship. There was no obvious conflict between the parents' interests (namely, opposing termination of their parental rights) and there has been no showing of any additional conflict of interest, much less any prejudice to either Mother or Father resulting from the joint representation. The fact that separate counsel was not appointed under the circumstances of this case does not constitute reversible error.

**B.      Having failed to request a recusal, the alleged bias of the magistrate judge does not rise to the level of reversible error.**

On appeal, Mother and Father argue that the magistrate judge erred in failing to recuse herself because she was previously a prosecutor who had prosecuted Father for a variety of offenses. No objection or motion for disqualification was filed at any time during the trial. In the absence of a motion for disqualification, this Court will not review that issue on appeal. *See McPheters v. Maile*, 138 Idaho 391, 396-97, 64 P.3d 317, 322-23 (2003) (declining to review the issue of disqualification where no motion to disqualify was found in the record).

Further, though unnecessary to our disposition of this issue, we note that none of the charges against Father involved questions of family law.[4] Mother and Father have failed to identify any prejudice that resulted from the magistrate judge sitting on this case.[5] There is no indication in the record that the magistrate judge was previously involved in any child protection proceedings involving Mother and Father.[6] These observations highlight the rationale for requiring a motion to disqualify to be presented before the trial court. Because the question of a recusal under I.R.C.P. 40(d)(2) is committed to the discretion of the trial judge, absent some

---

[4] Although the record before this Court does not include any documents relating to earlier cases, Mother and Father assert that the prior cases against Father in which the magistrate was involved as a prosecutor included juvenile proceedings, alcohol violations, burglary and grand theft, an insufficient funds check, and infractions.

[5] The parents have not advanced a claim that the failure to object at trial constituted ineffective assistance of counsel at the trial level. However, any argument that the failure to file a motion for disqualification would have constituted ineffective assistance of counsel would fail based on the requirement that the defendant show "that deficient performance resulted in prejudice." *Smith v. State*, 146 Idaho 822, 835, 203 P.3d 1221, 1234 (2009).

[6] IDHW was represented by a Deputy Attorney General in all phases of these proceedings.

objection at trial, there was no decision by the trial court that can be reviewed and no factual record was developed from which grounds for disqualification can be discerned.

We therefore find that the district court properly concluded that the magistrate judge's failure to recuse herself did not constitute reversible error.

## IV. CONCLUSION

We affirm the district court's opinion affirming the termination of Mother's and Father's parental rights. Costs to Respondent.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.