# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket Nos. 40987-2013 and 41132-2013

FLYING "A" RANCH, INC., an Idaho corporation; CLEN ATCHLEY; EMMA ATCHLEY; LAURA PICKARD; CLAY PICKARD, GEORGE TY NEDROW; and DAVID TUK NEDROW,

    Petitioners,

v.

BOARD OF COUNTY COMMISSIONERS FOR FREMONT COUNTY, IDAHO, a political subdivision of the state of Idaho; RONALD "SKIP" HURT, in his official capacity; and LEROY MILLER, in his official capacity,

    Respondents,

v.

KARL H. LEWIES,

    Real Party in Interest-Appellant.

_____

E.C. GWALTNEY, III, and LANA K. VARNEY,

    Petitioners,

v.

BOARD OF COUNTY COMMISSIONERS FOR FREMONT COUNTY, a political subdivision of the State of Idaho; RONALD "SKIP" HURT, in his official capacity; and LEROY MILLER, in his official capacity,

    Respondents,

v.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Idaho Falls,  May 2014 Term

2014 Opinion No. 46

Filed: June 17, 2014

Stephen W. Kenyon, Clerk



| KARL H. LEWIES, | ) |
| | ) |
| | ) |
| Real Party in Interest-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, in and for Fremont County. The Hon. Gregory W. Moeller, District Judge.

The judgment of the district court is <u>reversed</u>.

Karl H. Lewies, Rexburg, argued in his own behalf.

Blake G. Hall, Hall Angell & Starnes LLP, Idaho Falls, argued for respondents.

EISMANN, Justice.

This is an appeal out of Fremont County from an award of sanctions against the county prosecuting attorney under Rule 11(a)(1) of the Idaho Rules of Civil Procedure. Because there is no legal basis for the award, we reverse.

## I.

### Factual Background.

On May 15, 2012, Karl H. Lewies won the primary election for the position of Fremont County Prosecuting Attorney. Because he had no opponent in the general election, which would occur on November 6, 2012, he knew he would be elected as the prosecuting attorney, and he was. He was scheduled to be sworn into office on January 14, 2013.

On November 23, 2012, he filed two petitions for review against the county commissioners of Fremont County. One petition for review was on behalf of Flying "A" Ranch, Inc., and others ("Flying A Ranch case"), and the other petition was on behalf of E. C. Gwaltney, III, and another ("Gwaltney case"). The petitions sought to overturn the designation by the county commissioners of certain roads as being public roads rather than private roads.

On January 7, 2013, the county commissioners, represented by Blake Hall, the deputy prosecutor hired by the prosecutor that Mr. Lewies had defeated in the primary, filed motions in both cases seeking to have Mr. Lewies disqualified from representing the petitioners in those

2

cases. On the same day, Mr. Lewies filed motions in both cases to withdraw as counsel for the petitioners. In his supporting affidavit, Mr. Lewies stated that he would be sworn in as prosecuting attorney on January 14, 2013, at which time he would have a conflict of interest in continuing to represent the petitioners.

In each of the cases, Mr. Lewies had named two of the commissioners in both their official and individual capacities. On January 7, 2013, the commissioners filed motions in both cases to dismiss the actions against the two commissioners in their individual capacities.

On January 11, 2013, Blake Hall, as a member of the law firm of Nelson Hall Parry Tucker, was substituted as counsel for the county commissioners in place of Blake Hall, as deputy prosecuting attorney. On January 14, 2013, other counsel substituted for Mr. Lewies in the Flying A Ranch case.

The pending motions were heard on January 22, 2013. The court made preliminary rulings that Mr. Lewies could not represent any parties in the two cases; that the county would be awarded attorney fees against him personally for having to file the motion to disqualify; that an action against the two commissioners in their individual capacities could not be joined with a petition for judicial review;[1] and that attorney fees would not be awarded against Mr. Lewies for having named them in their individual capacities. During the hearing, Mr. Lewies contended that Mr. Hall should be disqualified from representing the commissioners and that a deputy prosecutor should represent them. The court stated it would consider that issue at the next scheduled hearing and it would permit Mr. Lewies to submit additional information regarding the award of attorney fees against him. On February 4, 2013, the court entered a written order affirming its preliminary rulings.

The matter was next heard on February 26, 2013. Prior to the hearing, Mr. Lewies had filed an affidavit stating that he had been first contacted by one of the petitioners in the Flying A Ranch case just two days before the expiration of the time for filing a petition for judicial review to challenge the road designation; that he agreed to file a petition to preserve the petitioners' legal rights; that in researching the matter he discovered that a private road belonging to the petitioners in the Gwaltney case, who lived out of state, had also been designated as a public

---

[1] The court correctly ruled that a civil action to recover against the commissioners personally could not be joined with a petition for judicial review challenging actions taken by the board of county commissioners in its official capacity. *Euclid Ave. Trust v. City of Boise*, 146 Idaho 306, 309, 193 P.3d 853, 856 (2008); *Cobbley v. City of Challis*, 143 Idaho 130, 133, 139 P.3d 732, 735 (2006).

road; that when he contacted them they asked that he file a petition to preserve their rights; and that he had filed both petitions one day before the time period for challenging the road designations would expire. Prior to the hearing, the deputy prosecutor had also filed a notice stating that the county prosecutor's office withdrew its request to represent the county commissioners in the two cases. Therefore, the only matter left to be decided was the award of attorney fees against Mr. Lewies. After the parties argued that issue, the court took the matter under advisement.

On March 29, 2013, the court entered its memorandum decision in both cases awarding the county attorney fees in the sum of $1,185.00 against Mr. Lewies personally pursuant to Rule 11(a)(1). The court entered a final judgment to that effect on April 4, 2013, and Mr. Lewies timely appealed.

## II.

**Did the District Court Err in Awarding Rule 11(a)(1) Sanctions Against Mr. Lewies?**

In its memorandum decision, the district court stated its reasons for imposing sanctions as follows:

> A. Lewies' conduct in filing the petitions against the County, failing to promptly withdraw as attorney for Petitioners, and initially refusing to allow Hall to represent the County on these matters, was clearly misguided and amounted to sanctionable misconduct under Rule 11(a)(l), as interpreted by the Idaho appellate courts in *Campbell* and *Lester*; . . .

The relevant portion of Rule 11(a)(1) of the Idaho Rules of Civil Procedure provides as follows:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The rule provides two separate grounds for imposing sanctions: (a) frivolous filings and (b) misusing judicial procedures for an improper purpose. The above-quoted portion of the rule is identical to Rule 11 of the Federal Rules of Civil Procedure as amended in 1983. *Durrant v. Christensen*, 117 Idaho 70, 73, 785 P.2d 634, 637 (1990). Therefore, this Court has adopted the

4

interpretation of the federal rule by *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986), *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 205 (7th Cir. 1985), and *Eastway Construction Corporation. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985), for Rule 11 of the Idaho Rules of Civil Procedure. *Durrant*, 117 Idaho at 74, 785 P.2d at 638.

Under the federal rule as amended in 1983, "[t]he certificate is addressed to two separate problems, both of which have been identified as major sources of unnecessary litigation delay and expense: first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Zaldivar*, 780 F.2d at 830. That same construction would apply to Rule 11(a)(1). The attorney's or party's signature on a document constitutes two substantive certifications: (a) "that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," **and** (b) "that it [the document] is not interposed for any improper purpose." I.R.C.P. 11(a)(1). Both certifications must be accurate in order to comply with the rule. If either of them is not accurate, then the document would be signed in violation of the rule. In that circumstance, "the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction," which may include an order to pay reasonable attorney fees incurred by the other party because of the filing of the document. I.R.C.P. 11(a)(1).

**1. The "frivolous filings" clause.** The signature of an attorney on a pleading, motion or other paper constitutes a representation that "to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." I.R.C.P. 11(a)(1). "Prior to the 1983 amendments, [federal] Rule 11 was interpreted to require subjective bad faith by the signing attorney to warrant the imposition of sanctions." *Zaldivar*, 780 F.2d at 829. This interpretation was compelled by the wording that there needed to be good ground to support the document "to the best of [the attorney's] knowledge, information, and belief." *Id*. The 1983 amendment "represents an intentional abandonment of the subjective focus of the Rule in favor of an objective one. The certificate now tests the knowledge of the signing attorney by a 'reasonableness' standard. The former requirement of willfulness has been deleted." *Id*. Therefore, in *Durrant* we held, in light of these federal decisions, that "reasonableness under the

5

circumstances, and a duty to make a reasonable inquiry prior to filing an action, is the appropriate standard to apply. A showing of subjective bad faith is no longer necessary for the imposition of sanctions . . . ." 117 Idaho at 74, 785 P.2d at 638.

**2. The "improper purpose" clause.** The signature of an attorney on a pleading, motion or other paper constitutes a representation that the document "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." I.R.C.P. 11(a)(1). "The 'well grounded in fact and warranted by existing law' clause is coupled with the 'improper purpose' clause by the conjunction 'and.' By signing the pleading or other paper, the attorney certifies to both, thus suggesting that the two clauses are to be viewed independently." *Zaldivar*, 780 F.2d at 832. As stated by the court in *Eastway Construction*:

> In light of the express intent of the drafters of the new Rule 11, and the clear policy concerns underlying its amendment, we hold that a showing of subjective bad faith is no longer required to trigger the sanctions imposed by the rule. Rather, sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

762 F.2d at 254 (footnote omitted).

In *Durrant*, we did not address the "improper purpose" clause, nor have we expressly held that it is independent of the "frivolous filings" clause. However, we have implicitly done so when affirming the trial court's award of Rule 11 sanctions. For example, in *Riggins v. Smith*, 126 Idaho 1017, 895 P.2d 1210 (1995), we stated, "In light of an attorney's conduct in filing a pleading, the district court must determine whether the attorney exercised reasonableness under the circumstances and made a proper investigation upon reasonable inquiry into the facts and legal theories before signing and filing the document." *Id.* at 1021, 895 P.2d at 1214. In affirming the award, we stated that "we find that the district court made sufficient findings of Smith's failure to properly investigate [Plaintiff's] case and of the unreasonableness of Smith's inquiry to support its determination of sanctions against Smith under I.R.C.P. 11(a)(1)." *Id.* We did not require a finding that the attorney also filed any document for an improper purpose.

This Court has still required a finding of an improper purpose to impose sanctions on appeal under Idaho Appellate Rule 11.2, which has identical wording to Idaho Rule of Civil Procedure 11(a)(1). *Fonseca v. Corral Agriculture, Inc.*, 156 Idaho 142, 152, 321 P.3d 692, 702 (2014). However, we will henceforth construe Appellate Rule 11.2 in the same manner as set forth above for Civil Rule 11(a)(1). There is no reason to construe the identical wording in both rules differently.

"The standard of review for an appellate court reviewing a trial court's imposition of sanctions pursuant to I.R.C.P. 11 is one of abuse of discretion." *Campbell v. Kildew*, 141 Idaho 640, 649-50, 115 P.3d 731, 740-41 (2005). In making a determination of whether a trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Rockefeller v. Grabow*, 139 Idaho 538, 545, 82 P.3d 450, 457 (2003). In this case, the district court abused its discretion because it did not act consistently with the applicable legal standards.

The first reason given by the district court for imposing sanctions was "Lewies' conduct in filing the petitions against the County." Mr. Lewies signed both petitions for judicial review. Before imposing Rule 11 sanctions, "the district court must determine whether the attorney exercised reasonableness under the circumstances and made a proper investigation upon reasonable inquiry into the facts and legal theories before signing and filing the document." *Riggins*, 126 Idaho at 1021, 895 P.2d at 1214. That inquiry is what it was reasonable to believe at the time the document was submitted, not what it is reasonable to believe with the wisdom of hindsight or in light of subsequent developments. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 95, 803 P.2d 993, 1001 (1991). The determination of whether the attorney made a reasonable inquiry before filing the document

> may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

*Id.*

7

It is uncontradicted that Mr. Lewies was first contacted by one of the petitioners two days before the expiration of the time period for filing a petition for judicial review. The district court did not make any finding that Mr. Lewies failed to make a reasonable investigation into the facts and law before filing the petitions. Rather than focusing upon the reasonableness of Mr. Lewies's inquiry into the facts and law prior to filing the petitions, the court focused upon the fact that he would not be able to represent the petitioners once he became the prosecuting attorney. The court wrote: "Lewies should have known at the time of filing the petitions that he would [be] unable to see either case through to completion—this is undisputed. Even if the Petitioners were acting under time constraints, that does not justify Lewies acting in an ethically questionable manner." Rule 11 is not a tool for sanctioning conduct that the trial court perceives to be unethical, unwise, or lacking in common sense. *Riggins*, 126 Idaho at 1021, 895 P.2d at 1214. "To the extent the trial court did not give appropriate focus to its inquiry, it did not act consistently with the legal standards applicable to the choice it had to make." *Sun Valley Shopping Center*, 119 Idaho at 95, 803 P.2d at 1001.

The second reason given by the district court for imposing Rule 11 sanctions against Mr. Lewies was his "failing to promptly withdraw as attorney for Petitioners." The rule "applies only to the signing of a 'pleading, motion, or other paper.'" *Riggins*, 126 Idaho at 1021, 895 P.2d at 1214. "When determining whether Rule 11 sanctions should be imposed, the trial court must only consider the attorney's conduct in the filing of pleadings, motions or other papers." *Id*. Rule 11 sanctions cannot be based upon the failure of an attorney to file a document. Mr. Lewies's failure to move to withdraw sooner than he did cannot be a basis for Rule 11 sanctions. To the extent that the district court based its award of sanctions upon Mr. Lewies's failure to move to withdraw sooner, the court did not act consistently with the legal standards applicable to the choice it had to make.

The third reason given by the district court was Mr. Lewies's conduct in "initially refusing to allow Hall to represent the County on these matters." During the hearing held on January 22, 2013, Mr. Lewies did orally state, "Well, Your Honor, I'd like to note for the record I don't believe Mr. Hall is properly here representing Fremont County because the Idaho Constitution required the County Commissioners make a public finding of necessity before retaining their own private counsel." The court did not point to any filed document signed by Mr. Lewies opposing the action of the commissioners in hiring Mr. Hall to represent them. An

8

oral objection cannot be the basis for Rule 11 sanctions because the rule "applies only to the signing of a 'pleading, motion, or other paper.'" *Id.* To the extent that the district court based its award of sanctions upon Mr. Lewies's oral comment, the court did not act consistently with legal standards applicable to the choice it had to make.

In its order awarding sanctions, the district court also cited this Court's decision in *Campbell v. Kildew*, 141 Idaho 640, 115 P.3d 731 (2005), and the decision of the Idaho Court of Appeals in *Lester v. Salvino*, 141 Idaho 937, 120 P.3d 755 (Ct. App. 2005). With respect to the *Campbell* case, the district court wrote, "The Idaho Supreme Court has explained, '[t]he intent of the rule is to grant courts the power to impose sanctions for discrete pleading abuses or other types of **litigative misconduct**.'" That quote in the context in which it occurred in the *Campbell* opinion was as follows:

> Rule 11(a)(1) entails certification that:
>
> Every pleading, motion, and other paper [filed with the court is] to the best of the signer's knowledge, information, and belief after reasonable inquiry . . . *well grounded* in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is *not interposed for any improper purpose*, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> Pursuant to Rule 11(a)(1), "pleadings, motions, and other papers signed by an attorney or a party must meet certain criteria, and failure to meet such criteria will result in the imposition of sanctions." The intent of the rule is to grant courts the power to impose sanctions for discrete pleading abuses or other types of litigative misconduct.

141 Idaho at 650, 115 P.3d at 741 (citations omitted). The portion quoted by the district court, when read in context, is clearly referring to documents that fail to meet "certain criteria," which are set forth in Rule 11. The wording quoted by the district court from the *Campbell* opinion was clearly not creating a broad new category of conduct that would justify the imposition of Rule 11 sanctions. The "litigative misconduct" mentioned was clearly the filing of documents in violation of the rule. The basis of the Rule 11 sanctions in the *Campbell* case was the filing of a petition to obtain judicial confirmation of a sham arbitration award in order to circumvent a zoning ordinance. *Id.* at 650-51, 115 P.3d at 741-42.

With respect to the *Lester* case, the district court wrote, "Rule 11 has been construed as 'a **management tool** to be used by the district court to weed out, punish and deter specific frivolous and other **misguided filings**.'" In context, the statement by the Court of Appeals was as follows:

> The imposition of attorney fee sanctions for litigative misconduct is governed by I.R.C.P. 11(a)(1), which in relevant part provides:
>
> > [Rule quoted]
>
> Rule 11 therefore authorizes the court to impose sanctions, including attorney fees, on its own initiative, upon an attorney who signs a pleading, motion, *or other paper* which violates the requirements of Rule 11. The signer's signature certifies that to the best of the signers knowledge, information and belief after reasonable inquiry, the pleading, motion or other paper is well grounded in fact, warranted by existing law or a good faith argument for the modification, or reversal of existing law, and not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increases in the costs of litigation. The intent of the rule is to grant the courts the power to impose sanctions for discrete pleading abuses or other types of litigative misconduct. The rule is considered a management tool to be used by the district court to weed out, punish and deter specific frivolous and other misguided filings.

141 Idaho at 939-40, 120 P.3d at 757-58 (citations and footnote omitted). The sanctions were imposed for signing discovery responses in violation of the requirements of Rule 11. *Id*. at 940, 120 P.3d at 758. The Court of Appeals was not expanding Rule 11 beyond the wording of the rule.

In this case, the district court did not apply the provisions of Rule 11 when it imposed the sanctions. It simply took two sentences out of context from the *Campbell* and *Lester* opinions and created a new basis for imposing the sanctions that was totally unsupported by the wording of Rule 11. In doing so, the court abused its discretion because it did not act consistently with the applicable legal standards. We therefore reverse the award of sanctions against Mr. Lewies.

## III.

### Did the District Court Err in Failing to Recuse Itself?

Mr. Lewies contends that Judge Moeller was biased against him and should have recused himself. Mr. Lewies did not file a motion asking the court to disqualify itself. "In the absence of a motion for disqualification, this Court will not review that issue on appeal." *Idaho Dept. of Health & Welfare v. Doe*, 150 Idaho 563, 568, 249 P.3d 362, 367 (2011). Because recusal from

10

a case is committed to the sound discretion of the judge, in the absence of a motion there is no decision of the court that can be reviewed, nor was a factual record developed regarding the issue. *Id*.

## IV.

### Did the District Court Err in Stating It Was Appropriate for the County Commissioners to Have Retained Mr. Hall to Represent Them?

During the hearing on January 22, 2013, Mr. Lewies stated, "Although I personally am disqualified from representing the County, my Deputy is not, and that's quite clear." The issue of whether the deputy prosecutor could represent the county was then deferred until the next hearing. On February 19, 2013, the deputy prosecuting attorney filed a document stating, "Upon further review of all aspects of the unique facts peculiar to this particular situation and for the considerations stated, the Fremont County Prosecutor's Office withdraws its motion to represent Fremont County in these petitions for judicial review." At the next hearing, the district court stated that the issue of whether a deputy prosecutor could represent the county was resolved and asked if there were any matters related to that issue that needed to be addressed. Mr. Lewies did not contend that there were.

In its memorandum decision regarding sanctions, the court wrote that "the Court deems appropriate the decision by the County to retain Hall, its former civil deputy, to defend it in these cases." Mr. Lewies takes issue with this statement in the court's decision because "[t]he parties, and presiding Judge Moeller, all agreed *on the record* that the matter had been resolved. No case or controversy existed. The question was no longer justiciable." He does not state what relief he wants, assuming this was error. Once a final judgment is appealed, the appeal is deemed to include all interlocutory judgments and orders entered prior to the judgment from which the appeal was taken. *Thomas v. Thomas*, 150 Idaho 636, 641, 249 P.3d 829, 834 (2011). However, the district court's statement that Mr. Lewies seeks to challenge is neither an order nor a judgment. It is simply a passing remark in the court's memorandum decision. Mr. Lewies has not shown how that alleged issue is reviewable on appeal, and therefore we decline to review it.

## V.

### Is the County Entitled to an Award of Attorney Fees on Appeal?

11

The county seeks an award of attorney fees on appeal pursuant to Idaho Code section 12-117.  Because the county is not the prevailing party on appeal, it cannot be awarded attorney fees under that statute.  *Rule Steel Tanks, Inc. v. Idaho Dept. of Labor*, 155 Idaho 812, 819, 317 P.3d 709, 716 (2013).

## VI.
### Conclusion.

We reverse the judgment of the district court and award appellant costs on appeal.


Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**