671 P.2d 1048

**Virgil O. LONG, Plaintiff-Respondent,**

v.

**William E. WILLIAMS, aka Bill E. Williams, Defendant-Appellant.**

No. 14366.

Supreme Court of Idaho.

Oct. 19, 1983.

William H. Foster, Grangeville, for defendant-appellant.

Darrel W. Aherin, Lewiston, for plaintiff-respondent.

HUNTLEY, Justice.

By this appeal we are asked to determine whether a prior execution of a deed of trust on real estate divests the trustor of title to the extent that his bankruptcy estate and bankruptcy trustee receive no interest in the property upon his subsequent bankruptcy.

We hold that the deed of trust conveys to the trustee nothing more than a power of sale, capable of exercise upon the occurrence of certain contingencies (such as default in payment) and leaves in the trustor a legal estate comprised of all incidents of ownership which passes to the bankruptcy estate upon the filing of bankruptcy.

William E. Williams, prior to January 1979, was the fee owner of a parcel of land in Lewis County, Idaho. On January 16, 1979, he executed a deed of trust in favor of Avco Financial Services to secure payment of a contemporaneous promissory note which was properly recorded. In November 1979, Williams executed and recorded a declaration of homestead, I.C. § 55–1201. On February 29, 1980, Long was awarded a default judgment against Williams in the amount of $5,342.46 plus interest until paid.

One month later, Williams filed a Chapter 7 bankruptcy. As a result, his interest in real property became property of the bankruptcy estate under 11 U.S.C. § 541. He claimed his homestead exemption in the subject property which was allowed. In July 1980, the trustee of the bankruptcy estate sold all the estate's interest in the subject property to Avco for $300. The Trustee was of the opinion that, considering liens of record and the allowed homestead exemption, there was no equity in the property which could be realized for the benefit of unsecured creditors should the property be liquidated. The sale to Avco of the estate's interest was expressly made subject to all liens of record and the homestead interest of Williams and was approved by the Bankruptcy Court on July 7, 1980.

Long's state court judgment of $5,342.46 was filed for record in Lewis County on September 15, 1980. On June 20, 1980, Williams and his wife had executed a new promissory note to Avco and Avco caused to be recorded a deed of trust of even date which had not been signed by Williams and his wife. Avco had requested the Lewis County Abstract Company, trustee under the prior deed of trust, to reconvey the property to Williams, which it did on July 31, 1980.

On October 29, 1980, the Bankruptcy Court discharged Williams from all dischargeable debts. 11 U.S.C. § 524. On November 11, 1980, Long purchased the property from Avco for $27,614.10 and Avco quitclaimed its interest in the property to Long. Thereafter Long served notice on Williams to remove himself and his personal property from the property. When Williams failed to do so, Long instituted suit for unlawful detainer.

Following hearing before the District Court, judgment was entered decreeing Long to be the owner and entitled to possession, subject to the homestead of Williams. The court held that the only apparent way Williams could have the benefit of his homestead exemption, in the absence of some agreement of the parties whereby

Long would pay Williams some amount for the homestead claim, would be for the court to order the appraisal and sale of the property as if it were a sale of the homestead on execution. The court established the priorities of the parties as follows: (1) Long's purchased interest from Avco, (2) Long's purchased claim from the I.R.S., (3) Long's purchased Lewis County tax claim, (4) Williams' homestead, and (5) the judgment lien of Long.

Williams contends he remains the owner of the property, arguing that the Lewis County Abstract Company had legal title to the property by virtue of the original deed of trust, the property never entered the bankruptcy estate and, therefore, there was nothing for the Trustee in Bankruptcy to convey to Avco by sale. Thus, Williams argues, in July 1980, when Avco had Lewis County Abstract Company reconvey the property to Williams, Williams received both legal and equitable title and extinguished the security interest of Avco. The issue thus presented is whether a deed of trust conveys all legal title to the trustee, or whether the passage of title to that trustee is, for practical purposes, in the nature of a mortgage with a power of sale.

Williams is correct in asserting that, with the adoption of the Trust Deeds Act in 1957 (Title 45, Chapter 15, Idaho Code), Idaho transitioned from a "lien theory" state to a "title passes" state where a deed of trust is employed as a security device. The California Supreme Court in *Bank of Italy Nat. Trust & Savings Ass'n. v. Bentley,* 217 Cal. 644, 20 P.2d 940, 944 (1933) analyzes the legal effect of a conveyance by a deed of trust as follows:

"The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that while the legal title passes thereunder, and the trustees cannot be held to hold a mere 'lien' on the property, it is practically and substantially only a mortgage with power of sale. See *Sacramento Bank v. Alcorn,* 121 Cal. 379, 383, 53 P. 813; *Tyler v. Currier,* 147 Cal. 31, 36, 81 P. 319; *Weber v. McCleverty,* 149 Cal. 316, 320, 86 P. 706. The legal title is

conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them. Sections 865, 866 Civ.Code. Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. *King v. Gotz,* 70 Cal. 236, 11 P. 656. The legal estate thus left in the trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership, in regard to the property, subject always, of course, to the execution of the trust. This estate is a sufficient basis for a valid claim of homestead. It was expressly held in *King v. Gotz* [70 Cal. 326, 11 P. 656], supra, that the trustor may select as a homestead property covered by such a trust deed. The estate of the trustees absolutely ceases upon the payment of the debt (Civ.Code, § 871), leaving the whole title in the grantor in whom it was vested at the execution of the trust deed, or his successors, and leaving nothing in the trustees except the bare legal title of record, which they can be compelled to reconvey to the owner simply to make the record title clear. *Tyler v. Currier* [147 Cal. 31, 36, 81 P. 319], supra. We think it is apparent that the 'grant' referred to in section 1243 of the Civil Code does not include a deed given solely as security for the payment of money.

"This view, that deeds of trust, except for the passage of title for the purpose of the trust, are practically and substantially only mortgages with a power of sale, in addition to the cases cited in the above opinion, has many times been recognized in other decisions. See *Hodgkins v. Wright,* [127 Cal. 688, 60 P. 431] supra, and *Bayer v. Hoagland* [95 Cal.App. 403, 273 P. 58] supra, and cases cited therein."

Therefore, we hold that, even though title passes for the purpose of the trust, a deed

of trust is for practical purposes only a mortgage with power of sale.

At the time Williams filed his petition in bankruptcy, he had a legal interest in the property which was good against all persons except the Lewis County Abstract Company, which held nothing more than the power of sale upon the happening of certain contingencies. Williams' interest (comprised of all other attributes of ownership) passed to the trustee in bankruptcy. Section 541 of Title 11 U.S.C. provides:

> "Property of the estate. (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located: (1) ... all legal or equitable interests of the debtor in property as of the commencement of the case."

The trustee in bankruptcy conveyed all legal and equitable interests of Williams in the subject property to Avco. Avco's interest as beneficiary under the Deed of Trust merged with this purchased interest. Thus, Avco was the owner of the property and entitled to possession subject only to the satisfaction of the homestead interest of Williams and to Long's inferior judgment lien. Consequently, when Lewis County Abstract executed the Deed of Reconveyance, it conveyed no interest.

Long subsequently purchased the property from Avco and stands in Avco's position. Long's acquired interest is subject to Williams' homestead exemption. The priorities of the parties set forth by the District Court are correct.

■ Long requests attorneys' fees on appeal pursuant to I.R.C.P. 54(e) contending the case was appealed frivolously and without foundation. The decision of the District Court was well reasoned and comprehensive. The record establishes that the case has also been before the Bankruptcy Court on the same issue as presented herein, in which case Long also prevailed. Williams has failed to provide this court with any relevant or applicable law to support his position. Attorneys' fees are therefore granted.

The District Court decision is in all respects affirmed. The trial court retains jurisdiction to conclude this litigation.

Costs to respondents.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.