In re BEAR LAKE WEST, INC., an Idaho Corporation, Debtor.

BEAR LAKE WEST, INC., debtor in possession, and Bear Lake West II, reorganized debtor, Plaintiffs,

v.

Heber D. STOCK and Effie S. Stock, husband and wife, Defendants.

Adv. No. 83–0686.

United States Bankruptcy Court, D. Idaho.

Jan. 27, 1984.

David E. Leta of Hansen, Jones, Maycock & Leta, Salt Lake City, Utah, for plaintiffs.

Randall C. Budge of Racine, Olson, Nye, Cooper & Budge, Chartered, Pocatello, Idaho, for defendants.

## MEMORANDUM DECISION AND ORDER

M.S. YOUNG, Bankruptcy Judge.

This matter is presently before the Court on cross-motions for summary judgment. The facts are not in dispute.

On September 1, 1978, defendants sold certain real property to Bear Lake West, Inc. pursuant to a contract of sale. Bear Lake West executed a deed of trust naming defendants as beneficiaries, which instrument secured performance of the purchase agreement including payment of $98,000.00. The property involved, described in both the contract of sale and the deed of trust, consisted of three parcels aggregating some 69.7 acres. The contract between the parties stated in Paragraph C. of section II:

> "C. *Waiver of Restriction.* The parties hereby acknowledge the actual acreage of the property exceeds 20 acres and is not within the city limits of any incorporated village or city within the State of Idaho, and notwithstanding these facts, the parties desire to use a Deed of Trust covering said real property to secure all monies due to seller from purchaser and both

parties hereby represent and state that the statement in said Deed of Trust to the fact that the real property involved does not exceed 20 acres shall be conclusively binding upon the parties as specifically provided in Idaho Code, § 45–1502(5)."

The deed of trust, however, did not contain the necessary language under I.C. 45–1502(5)[1] but, rather, reflected the actual size of the parcels as aggregated above. There is no doubt that, had it contained such language, the trust deed would be valid and enforceable.

Plaintiff, the reorganized debtor, filed this action seeking to avoid the secured interest of the defendants as a hypothetical bona fide purchaser under § 544(a)(3) of the Code. Idaho Code 45–1502(3) defines a trust deed as: "a deed executed in conformity with this act and conveying real property to a trustee in trust to secure the performance of an obligation of the grantor or other person named in the deed to a beneficiary." Plaintiff argues that the instrument herein is not "in conformity with" the trust deed act since the property subject to conveyance to the trustee exceeds the 20 acre limit of, and fails to contain the "statement" bringing it within, I.C. 45–1502(5). Thus, plaintiff argues, the deed of trust is "void."

There is nothing in Chapter 15 of Title 45 of the Idaho Code, nor case law, specifying the result flowing from the failure of a deed of trust to comport with the requirements of § 45–1502 in the particular manner as occurred here. The Idaho Legislature did not state in enacting the trust deed act that a deed under that act for an acreage in excess of the amount specified in § 45–1502(5) would be void, ineligible for

---

1. I.C. 45–1502(5) provides:
   " 'Real property' means any right, title, interest and claim in and to real property owned by the grantor at the date of execution of the deed of trust or acquired thereafter by said grantor or his successors in interest. Provided, nevertheless, real property as so defined which may be transferred in trust under this act shall be limited to either (a) any real property located within an incorporated city or village at the time of the transfer, or (b)

   any real property not exceeding twenty (20) acres, regardless of its location, and in either event where the trust deed states that the real property involved is within either of the above provisions, such statement shall be binding upon all parties and conclusive as to compliance with the provisions of this act relative to the power to make such transfer and trust and power of sale conferred in this act."

recordation, or ineffective to effect a pledge of the property for purposes of securing performance of the purchase obligation. To the contrary, the Idaho statute provides that acreage in excess of 20 acres may be pledged as security under the provisions of Chapter 15, Title 45, if the parties merely state that the acreage limitation has been observed *regardless of the true state of the facts.* This provision, whereby a conclusionary *pro forma* statement can effectively alter the "intended" limit on the scope of the trust deed act, led this Court to state in *In re Ranchero Motor Inn, Inc.,* BK No. 70–640 (BC D.Id.1971):

> "[t]hat the trust deed of Utah Mortgage Loan Corporation is a valid instrument entitled to be recorded under the laws of Idaho, and as such gave constructive notice to the lien creditors of its contents. My basic reason for so holding is that Section 45–1502(5), I.C., is so ambiguous that it must be read literally. It says that where the trust deed '*states* that the real property involved is within either of the above provisions, such statement shall be binding upon *all parties* and *conclusive* as to *compliance* with this act relative to the power to make such transfer and trust and power of sale conferred in the act.' The deed in question stated that the property did not exceed 3 acres in size, thus the terms of 45–1502(5), I.C., are met. I am sure that the legislature may have intended to restrict the use of trust deeds to urban transactions and acreages under 20 acres, but they did not do so. The legislature did *not* say a deed for an acreage in excess of that amount would be void, or *not* eligible for recordation, or *not* effective for any purpose. The deed in question was properly acknowledged and met all the requirements of the recording statutes. As such, I conclude it was constructive notice of its contents." [Emphasis in original]

That decision, and its holding that a trust deed so "stating" is effective even if the acreage involved is larger than that covered by the statute and/or outside an urban area, was affirmed by U.S. District Court Judge Ray McNichols. Judge McNichols

noted, as did I, that the statute does not make "void" trust deed instruments concerning acreage in excess of the statutory limit.

It is true that *Ranchero, supra,* concerned a situation where the trust deed contained the exculpatory language countenanced by I.C. 45–1502(5). The instrument herein does not, though it does incorporate by reference the contract of sale which itself clearly manifests the intent of the parties to come within that section. Though incorporated, the contract itself was not recorded.

It appears to me that the Idaho Legislature and the Idaho Supreme Court have approved three methods for effecting and documenting a lien on land: mortgages, trust deeds, and installment land purchase contracts. See *Rush v. Anestos,* 104 Idaho 630, 633–34, 661 P.2d 1229 (1983); *Ellis v. Butterfield,* 98 Idaho 644, 646–47, 570 P.2d 1334 (1977). The differences between the methods are, theoretically, clear. *Id.* The benefit of the trust deed process over mortgages is that the creditor is entitled to nonjudicial foreclosure, i.e., a power of sale, and elimination of the one year period of redemption provided to a mortgagor. See I.C. 45–1508; *Roos v. Belcher,* 79 Idaho 473, 321 P.2d 210 (1958). The limitation on use of the trust deed process stems from the agricultural constituency of the Idaho Legislature; there is a manifest intent that the requirement of judicial foreclosure and the right of one year redemption be retained for farm-sized parcels not within the boundaries of incorporated areas. Yet the legislature enabled parties desiring to use the trust deed process to waive the protection of the mortgage and foreclosure process requiring only that they *allege* the acreage and location limitations were met even though such was not the case. Thus, it would appear that, regardless of form, Idaho law conceives of the trust deed process as merely a contractual alternative to a mortgage. The Idaho Court has recently stated as much in the case of *Long v. Williams,* 105 Idaho 585, 671 P.2d 1048 (1983):

"The issue thus presented is whether a deed of trust conveys all legal title to the trustee, or whether the passage of title to that trustee is, for practical purposes, in the nature of a mortgage with a power of sale."

Upon citing at length from *Bank of Italy Nat. Trust and Savings Assn. v. Bentley,* 217 Cal. 644, 20 P.2d 940, at 944 (1933), the court held:

"Therefore, we hold that, even though title passes for the purpose of the trust, *a deed of trust is for practical purposes only a mortgage with power of sale.*" [Emphasis added.]

*Supra,* 671 P.2d at 1050–51.

Though certainly not clear of doubt, I conclude that under Idaho law a trust deed defective in the manner presented here would be treated as a mortgage, the creditor losing only the right to nonjudicial foreclosure and the shorter 120 day period of cure as opposed to one year post-foreclosure period of redemption. Because I conclude the trust deed in question would be recognized as a mortgage by Idaho law, its recordation is constructive notice of the beneficiary's lien, which would protect its rights as against subsequent purchasers or encumbrancers.

Plaintiff's motion for summary judgment will be and is hereby denied, and defendants' motion for summary judgment granted. Counsel for defendants may prepare judgment accordingly.

IT IS SO ORDERED.

