*Supp. 3 Opinion
ROBERSON, P. J.
Defendant appeals from the judgment of the trial court finding in favor of plaintiff, allowing plaintiff to foreclose on its mechanic’s lien.
Facts
In October 1988, Rick Deese and Old Ivy/Lawndale II, a limited partnership, entered into a written agreement for the construction of improvements on property owned by the limited partnership. From November 1, 1988, through December 9, 1988, plaintiff Barr Lumber Company, Inc., provided material to the construction site for use by Deese in the construction of the improvements to the subject property. Plaintiff was never paid for the lumber, which value was alleged to be in excess of $22,000.
Plaintiff timely served and recorded a mechanic’s lien on the property, and the instant action was timely commenced within 90 days after the recording of the mechanic’s lien. The suit named as defendants Rick Deese, his corporation, and Old Ivy Homebuilders, Inc. (Old Ivy). Plaintiff named Old Ivy apparently under the impression that Old Ivy was the property owner. Old Ivy, however, was the general partner of the Old Ivy/Lawndale 6 limited partnership. Neither Rick Deese nor his corporation was ever served in this case.
Plaintiff and Old Ivy ultimately submitted the case for determination based on a set of stipulated facts, law and issues. The most important fact stipulated to was that title to the subject property was held by Old Ivy/ Lawndale II, a limited partnership in which Old Ivy was the general partner. Plaintiff never named or served the limited partnership as a defendant in this case.
The trial court determined that while Old Ivy did not have legal title in the subject property, it had a sufficient interest in the property to satisfy the mechanic’s lien laws, because it was the general partner of the limited partnership which actually owned the property. In addition, the trial court determined that notice of the suit to the general partner was sufficient to bind the limited partnership and its property for purposes of satisfying the materialman’s claim. The lower court thus issued judgment in favor of plaintiff, allowing plaintiff to foreclose its mechanic’s lien against the property in question.
Defendant has appealed, contending that the court should not have allowed foreclosure on the real property in this case because defendant was *Supp. 4 not the owner of the property, and the true owner of the property was never named or served in this action. Specifically, defendant contends: (1) that Old Ivy/Lawndale II was an indispensable party to this action, and (2) that plaintiff cannot attempt to foreclose a mechanic’s lien against a general partner when it is the limited partnership that is the owner of title. Based on the following analysis, we agree with defendant’s contentions.
Nature of Mechanic’s Lien Laws
“The California mechanic’s lien derives from article XIV, section 3 of the California Constitution. The liens of mechanics, artisans, and materialmen are favored in California law ' “. . . because those parties have, at least in part, created the very property upon which the lien attaches ....’” [Citations.] Under the statutory scheme enacted to implement the enforcement of mechanic’s liens (chs. 1 and 2 of tit. 15, pt. 4 div. 3 of the Civ. Code[1]), persons who furnish labor or materials on a work of improvement are entitled to file a mechanics’ lien on the property where the improvement is located. The materialman is required to file a preliminary notice with the owner, the general contractor, and the construction lender within 20 days of furnishing materials for improvement (§§3097, 3114). It must record its claim of lien within 90 days of completing the improvement (§ 3116), and once recorded the mechanics’ lien constitutes a direct lien on the improvement and the real property (§§ 3128, 3129).” (Grinnell Fire Protection Systems Co. v. American Sav. & Loan Assn. (1986) 183 Cal.App.3d 352, 355 [228 Cal.Rptr. 292].)
Courts have reached the conclusion that all parties to be bound by the judgment must be joined in the foreclosure action within 90 days of the filing of the mechanic’s lien. (See Grinnell Fire Protection Systems Co. v. American Sav. & Loan Assn., supra, 183 Cal.App.3d at pp. 357-368, and cases cited therein.) “Due process requires service of a complaint which names as defendants all persons who have a title interest in, or a lien on, the premises and will be affected adversely by the judgment. The judgment foreclosing the lien is not enforceable against any person who has an interest in, or lien on, the property, who is not named as a defendant and served with process.” (8 Miller & Starr, Cal. Real Estate (2d ed. 1990) § 26.50, p. 526, italics added, fns. omitted.)
Discussion
In the present case, it is uncontradicted that the title to the subject real property is held by the limited partnership Old Ivy/Lawndale II, and not *Supp. 5 by its general partner Old Ivy, who is the only defendant in this case. Since plaintiff did not name the limited partnership as a defendant,[2] the court could not have properly allowed foreclosure on this property unless the naming of the general partner was sufficient to hold the limited partnership liable, or unless the general partner was interchangeable with the limited partnership as titleholder of the property. The trial court, in determining both to be the case, is unsupported by the law.

Notice to General Partner

In reaching its conclusion that the notice given to the general partner was sufficient to constitute notice to the limited partnership, the trial court incorrectly determined that the mechanic’s lien laws are to be broadly interpreted. While this may be true as to some aspects of the procedures necessary for obtaining a lien, the procedures for naming parties as defendants in order to foreclose on the lien must be closely followed.
The trial court, in its statement or decision, cited Civil Code section 3261 for the proposition that “liens of mechanics or materialmen will not be held invalid unless they tend to defraud or fail to give notice.” However, that section refers to errors “in the statement of the demand, or of the amount of credits and offsets allowed, or of the balance asserted to be due the claimant, or in the description of the property against which the lien is recorded. . . .” (§ 3261.) Here, the error was made by plaintiff in failing to designate the proper party as owner of the subject property, not in the contents of the notice given.
In this case, notice of the lien given to the general partner is not sufficient to allow foreclosure on the assets of the limited partnership. “A partnership or other unincorporated association may sue and be sued in the name which it has assumed or by which it is known. . . .No award may be made against the firm unless it is named in the caption and designated in the body of the complaint as a party. [Citation.]” (4 Witkin, Cal. Procedure (3d ed. 1989) Pleading, § 427, subd. (b), p. 472, italics added.) Further, “[a]n action may be brought against the individual members of a partnership or other association, and in such an action the judgment binds only the members. The court acquires no jurisdiction over the firm as such, or over the firm property, unless the firm is properly designated as an additional defendant. [Citation.]” (Id., at § 84, p. 119, italics added and omitted.) Because the limited partnership was not designated as an additional defendant, the court could not properly execute a judgment against the limited partnership’s property.

*Supp. 6
General Partner as Owner

The trial court also erred in its attempts to define “owner” for purposes of the mechanic’s lien laws. The trial court looked at the definition of “owner” provided in section 3092, subdivision (g), and erroneously applied it to all aspects of the mechanic’s lien laws. Subdivision (g), by its own terms, limits the applicability of the definition to that section only.[3] The term “owner” is otherwise undefined in the mechanic’s lien laws; case law has interpreted “owner” in these cases to mean “anyone interested, whether as owner, mortgagee, lien claimant, or otherwise, anyone who may defend against the lien. . . .” (Paramount Securities Co. v. Daze (1933) 128 Cal.App. 515, 518 [17 P.2d 1049].) As stated above, a judgment foreclosing a lien must name all parties having an interest in the subject property, and is not enforceable against any party who has an interest in the property who is not named as a defendant.
The trial court also erred in its conclusion that “[e]ven if one could conclude that the general partner did not have a technical tenancy in the property, the court believes that the . . . mechanic’s lien law would allow suit against one who was actively involved in making the improvements, had actual notice of the materialman’s claim, and who had a beneficial interest in the subject property.” Here, despite defendant’s interest in the property as a general partner of the titleholder, defendant does not, on its own, have any interest in the property that could properly be subject to foreclosure. Defendant, as general partner, has no individual interest in the subject property; the property is owned by the limited partnership. Defendant has only an intangible interest in the limited partnership, and there is no basis in this case for using the partnership property to satisfy a judgment against the general partner. An individual partner is not, by operation of law, deemed the owner of specific partnership assets, simply by virtue of his status as a partner. (Bartlome v. State Farm Fire & Casualty Co. (1989) 208 Cal.App.3d 1235, 1243 [256 Cal.Rptr. 719].) In short, the property of the partnership belongs to the partnership, not to the general partner.
Conclusion
Simply put, plaintiff sued the wrong party, and failed to amend the complaint to name the proper party, in this case the limited partnership. Because plaintiff failed to name the proper party in the foreclosure action within 90 days of the filing of the mechanic’s lien, the limited partner cannot *Supp. 7 be bound by the judgment and its property cannot be used to satisfy the claim in this case.
The judgment is reversed. Appellant to recover costs on appeal.
Soven, J., and Watai, J., concurred.

 AI1 further statutory references will be to the Civil Code unless otherwise stated.

 We note that the 90-day time limit to join all defendants to the foreclosure action has long passed, and there is no evidence that plaintiff attempted to substitute the limited partnership in place of a Doe defendant, as it may have been able to do under Code of Civil Procedure section 474. Thus, the limited partnership is simply not a party to this suit.

 Section 3092 concerns when and in what manner a “notice of cessation” is to be given by an owner when labor has ceased on a construction site.