**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 41269**

| | | |
|---|---|---|
| KEITH A. SIMS, dba KASCO OF IDAHO, LLC, an Idaho limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Boise, December 2014 Term |
| v. | ) ) | 2015 Opinion No. 2 |
| | ) ) | Filed: January 21, 2015 |
| ACI NORTHWEST, INC., | ) ) | Stephen W. Kenyon, Clerk |
| Defendant-Third Party Plaintiff-Appellant, | ) ) ) | |
| and | ) ) | |
| MONUMENT HEIGHTS, LLC, an Idaho limited license company; DAN S. JACOBSON, an individual; SAGE HOLDINGS, LLC, an Idaho limited license company; STEVEN G. LAZAR, an individual; THE MITCHELL A. MARTIN AND KAREN C. MARTIN FAMILY TRUST DATED AUGUST 9, 2005; DEVON CHAPMAN, an individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants-Respondents, | ) ) | |
| and | ) ) | |
| CHARLES R. DEAN, Successor Trustee; and JOHN AND JANE DOES 1-100, owners, being all persons claiming an interest in the [subject] property, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| ANTHONY ST LOUIS, a single person; ANDREA STEPHENS, a single person; LILLY PROPERTIES, INC., a Nevada corporation; and HLT REAL ESTATE, LLC, an Idaho limited liability company, | ) ) ) ) ) | |

1

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

Judgment for defendants in action to foreclose mechanic's liens <u>affirmed</u>. Costs on appeal are awarded to respondents.

James, Vernon & Weeks, PA, Coeur d'Alene, attorneys for appellant. Cynthia K.C. Meyer argued.

Lukins & Annis, P.S., Coeur d'Alene, attorneys for respondents. Jonathon D. Hallin argued.

_____

WALTERS, Justice *pro tem*

This appeal involves the attempted foreclosure of two mechanic's liens on property encumbered by deeds of trust. In *ParkWest Homes, LLC v. Barnson* (*ParkWest II*), 154 Idaho 678, 302 P.3d 18 (2013), this Court held that an action to foreclose a mechanic's lien on property encumbered by a deed of trust must "name the trustee who holds legal title to the property" within the six-month statutory limitation to lien enforcement. *Id.* at 685, 302 P.3d at 25. Without the trustee named in the action, the mechanic's lien is lost as to the trustee's interest and "a subsequent holder of legal title to property encumbered by a deed of trust and a mechanic's lien, takes the property free and clear of the mechanic's lien." *Id.*

Appellant ACI Northwest Inc. (ACI) challenges this holding from *ParkWest II* after the district court determined that ACI lost its mechanic's liens for failing to name the trustees in its foreclosure action against Respondents Monument Heights LLC (Monument Heights), Dan Jacobson, Sage Holdings LLC, Steven Lazar, the Mitchell A. Martin and Karen C. Martin Family Trust dated August 9, 2005, Devon Chapman, HLT Real Estate LLC, Anthony St. Louis, Andrea Stevens, and Lilly Properties Inc. (collectively "the Monuments Heights group"). Due to this determination, the district court granted summary judgment in favor of the Monuments Heights group. ACI appeals to this Court. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2008, ACI began furnishing labor to Monument Heights on certain real property owned by Monument Heights. On August 1, 2008, Monument Heights executed and

delivered a deed of trust (hereinafter "Monument Heights Deed of Trust") conveying three separate parcels of real property to Pioneer Title Company (Pioneer), the trustee, as security for payment of indebtedness owed by Monument Heights to Dan Jacobson, Sage Holdings LLC, Steven Lazar, the Mitchell A. Martin and Karen C. Martin Family Trust dated August 9, 2005, and Devon Chapman (collectively "the Jacobson group"), the beneficiaries. On August 6, 2008, the Monument Heights Deed of Trust was recorded with the Kootenai County Recorder.

On January 29, 2009, ACI recorded a mechanic's lien with the Kootenai County Recorder in the amount of $53,437.10 on the property owned by Monument Heights upon which ACI had furnished labor. On July 28, 2009, ACI recorded an Endorsement to Claim of Lien for Payment on Account. The endorsement stated that ACI received a payment of $25,000 from Monument Heights on February 11, 2009. On August 10, 2009, ACI initiated proceedings for judicial foreclosure of its mechanic's lien.

On January 20, 2010, Charles R. Dean, Jr., was appointed as the successor trustee under the Monument Heights Deed of Trust. An Appointment of Successor Trustee was recorded with the Kootenai County Recorder on February 5, 2010.

On March 11, 2011, Monument Heights sold a portion of its real property encumbered by the Monument Heights Deed of Trust to Anthony St. Louis and Andrea Stevens. St. Louis and Stevens conveyed a deed of trust (hereinafter "St. Louis & Stevens Deed of Trust") to Pioneer as security for payment of indebtedness owed to Monument Heights, recorded with the Kootenai County Recorder. On March 15, 2011, Monument Heights assigned its interest under the St. Louis & Stevens Deed of Trust to Lilly Properties. Monument Heights recorded its assignment with the Kootenai County Recorder.

On June 1, 2011, Lazar (part of the Jacobson group) recorded an assignment of his interest under the Monument Heights Deed of Trust to HLT Real Estate LLC.

On June 14, 2011, ACI recommenced furnishing labor, materials, and services in the improvement of the Monument Heights property. On July 26, 2011, ACI recorded a second mechanic's lien with the Kootenai County Recorder, securing the principal sum of $462,780.46.

On January 12, 2012, ACI filed an amended complaint seeking to judicially foreclose its mechanic's liens. ACI had not named or sought to join to its action Dean, the trustee of the Monument Heights Deed of Trust, or Pioneer, the trustee of the St. Louis & Stevens Deed of Trust.

3

On February 26, 2013, the Monument Heights group moved for summary judgment against ACI. The district court determined that ACI was required to join the trustees Dean and Pioneer to its action to judicially foreclose its mechanic's liens pursuant to Idaho Code section 45-510 and this Court's holding in *ParkWest II*.[1] ACI had failed to do so within the statutory six-month period in Idaho Code section 45-510, and therefore the Monument Heights group was entitled to summary judgment as a matter of law. On April 17, 2013, the district court issued a partial summary judgment against ACI. The partial summary judgment stated that ACI's two mechanic's liens were "lost and unenforceable" against the legal title held by trustees Dean and Pioneer.

On May 17, 2013, the district court entered a restated judgment in favor of the Monument Heights group against ACI. On June 7, 2013, ACI filed a notice of appeal. The district court subsequently entered an amended judgment.

## II. ISSUES ON APPEAL

1. Whether the district court erred in granting summary judgment to the Monument Heights group based on this Court's holding in *ParkWest II*.

2. Whether either party is entitled to an award of attorney's fees on appeal.

## III. STANDARD OF REVIEW

"On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion." *Arregui v. Gallegos-Main*, 153 Idaho 801, 804, 291 P.3d 1000, 1003 (2012). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho Rule of Civil Procedure 56(c). "When considering whether the evidence in the record shows that there is no genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences, in favor of the nonmoving party." *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 163, 45 P.3d 816, 819 (2002). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Lapham v. Stewart*, 137 Idaho 582, 585, 51 P.3d 396, 399 (2002).

*Conner v. Hodges*, 157 Idaho 19, 23, 333 P.3d 130, 134 (2014).

## IV. ANALYSIS

---

[1] ACI filed its complaint and amended complaint before this Court issued its opinion or substitute opinion in *ParkWest II*. The opinion in *ParkWest II* was first issued on February 4, 2013, and a substitute opinion was issued on April 18, 2013. (The substitute opinion pertained to a different issue than Idaho Code section 45-510.) The Monument Heights group moved for summary judgment shortly after the February 4, 2013, opinion.

4

**A.     The six-month limitation in Idaho Code section 45-510 to enforce a mechanic's lien operates as a limit of not only the remedy, but also liability and the right to enforce the lien.**

"'The right of a materialman to assert a lien against a structure for which materials have been furnished is a right granted and therefore determined by statute.' In Idaho, the right exists in I.C. §§ 45-501 and 505." *BMC W. Corp. v. Horkley*, 144 Idaho 890, 893, 174 P.3d 399, 402 (2007) (quoting *Layrite Prods. Co. v. Lux*, 91 Idaho 110, 113, 416 P.2d 501, 504 (1966)). "The purpose of these statutes is to compensate persons who perform labor upon or furnish material to be used in construction, alteration or repair of a structure." *Franklin Bldg. Supply Co. v. Sumpter*, 139 Idaho 846, 850, 87 P.3d 955, 959 (2004) (quoting *Barber v. Honorof*, 116 Idaho 767, 768–69, 780 P.2d 89, 90–91 (1989)).

"The mechanic's lien statutes are liberally construed in favor of those to whom the lien is granted . . . ." *ParkWest Homes LLC v. Barnson* (*ParkWest I*), 149 Idaho 603, 605, 238 P.3d 203, 205 (2010). "This rule, however, 'does not permit the court to create a lien where none exists or was intended by the legislature.'" *L&W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002) (quoting *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 132 Idaho 754, 760, 979 P.2d 627, 633 (1999)). "Therefore, while 'this section will be liberally construed,' 'the statutory requirements must be substantially complied with in order to perfect a valid mechanic's lien.'" *Id.* (quoting *Pierson v. Sewell*, 97 Idaho 38, 41, 539 P.2d 590, 593 (1975)).

A claim of lien must be filed within ninety days "after the completion of the labor or services, or furnishing of materials." I.C. § 45-507(2). "A mechanic's lien generally 'relates back to the date of commencement of the work or improvement of the commencement to furnish the material.'" *Credit Suisse AG v. Teufel Nursery, Inc.*, 156 Idaho 189, 198, 321 P.3d 739, 748 (2014) (quoting *White v. Constitution Mining & Mill. Co.*, 56 Idaho 403, 420, 55 P.2d 152, 160 (1936)). "Idaho Code § 45-506 governs the priority between a mechanic[']s lien and a mortgage" or other encumbrances. *Id.* In general, "the liens of mortgages, deeds of trust, judgment, and other encumbrances, including attachments, created subsequent to the time when the labor lien attaches, or subsequently to the time to which the labor lien relates, are subordinate to the liens of claimants for work or labor performed." *White*, 56 Idaho at 419–20, 55 P.2d at 159.

Idaho Code section 45-510 provides the court with jurisdiction to enforce a mechanic's lien "when a lien is filed and an action commenced within six months." *ParkWest II*, 154 Idaho at 684, 302 P.3d at 24. Idaho Code section 45-510 states in relevant part:

5

No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien . . . .

I.C. § 45-510. "The Idaho statute [45-510] does not, in terms, prescribe who shall be made parties to the action thereby required to be brought," *Continental & Commercial Trust & Savings Bank v. Pacific Coast Pipe Co.*, 222 F. 781, 788 (9th Cir. 1915), but this Court has construed the time limitation in Idaho Code section 45-510 as a limit on liability and the right to enforce. This Court explained in *Western Loan & Building Co. v. Gem State Lumber Co.*, 32 Idaho 497, 185 P. 554 (1919):

> The limitation prescribed by statute of the time within which an action must be brought in a proper court for the foreclosure of a mechanic's lien is not the ordinary statute of limitation, which is waived, if not pleaded. "The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all." *The Harrisburg*, 119 U.S. 199, 214 (1886).

*Id.* at 501, 185 P. at 555. Due to the operation of Idaho Code section 45-510 as limitation on liability, this Court held that a mechanic's lien "is lost as against the interest of any person not made a party to an action to enforce it within the six month period." *Willes v. Palmer*, 78 Idaho 104, 108, 298 P.2d 972, 974 (1956). *See also W. Loan & Bldg. Co.*, 32 Idaho at 500, 185 P. at 555 ("[T]he section should be construed as though it provided that the lien should not continue, unless proceedings were commenced in the proper court 'against the person or persons against whose interest the lien is asserted . . . .'" (quoting *Utah Implement-Vehicle Co. v. Bowman*, 209 F. 942, 946 (D. Idaho 1913))); *see Platts v. Pac. First Fed. Sav. & Loan Ass'n of Tacoma*, 62 Idaho 340, 347–48, 111 P.2d 1093, 1095 (1941) (same); *Boise Payette Lumber Co. v. Weaver*, 40 Idaho 516, 519, 234 P. 150, 151 (1925) (same). The issue in this case is whether the interest held by a trustee is such that the trustee is a necessary party to an action to foreclose a mechanic's lien. *ParkWest II* resolves this issue.

B.    ***ParkWest II* held that the trustee is a necessary party to an action to foreclose a mechanic's lien and, if the trustee is not made a party within the six-month limitation in Idaho Code section 45-510, the mechanic's lien is lost as to the trustee's interest: legal title to the property.**

*ParkWest II* presented the following issue on appeal: "whether a lienor seeking to enforce a mechanic's lien against property encumbered by a deed of trust must name the trustee of the deed of trust within the period of time required by statute to give effect to the mechanic's lien

6

against subsequent holders of legal title." 154 Idaho at 683, 302 P.3d at 23. This Court held that "the lienor must." *Id.*

To reach this decision, this Court examined two legal concepts: the deed of trust and this Court's interpretation of Idaho Code section 45-510. This Court first examined a deed of trust. This Court explained:

> Idaho is a title theory state, whereby a deed of trust is a title-passing procedure. This Court extensively discussed this procedure in *Long v. Williams*, 105 Idaho 585, 587, 671 P.2d 1048, 1050 (1983). We noted that a deed of trust is effectively a mortgage with a power of sale, but as security for that mortgage, legal title passes to the trustee. *Id.* at 587–88, 671 P.2d at 1050–51. When a deed of trust is executed and delivered, the legal title of the property passes to the trustee. I.C. § 45-1502(4); *Defendant A. v. Idaho State Bar*, 132 Idaho 662, 665, 978 P.2d 222, 225 (1999).

*ParkWest II*, 154 Idaho at 684, 302 P.3d at 24.

After this discussion of a deed of trust, this Court turned to the law in Idaho regarding enforcement of a mechanic's lien. This Court explained:

> Idaho Code § 45-510 provides a court with jurisdiction to enforce a lien when a lien is filed and an action commenced within six months. *Palmer v. Bradford*, 86 Idaho 395, 401, 388 P.2d 96, 99 (1963). However, even if an action is brought to enforce a lien within a six month period, it is lost against the interests of persons not named. *Willes*, 78 Idaho at 108, 298 P.2d at 975. Thus, in a foreclosure action, the action (1) must be timely brought under statute; and (2) must timely name the proper interested parties.

*ParkWest II*, 154 Idaho at 684, 302 P.3d at 24. This Court then reviewed two cases, *Palmer*, 86 Idaho 395, 388 P.2d 96, and *Willes*, 78 Idaho 104, 298 P.2d 972, in which the Court held that the failure to comply with Idaho Code section 45-510 resulted in the lien being "lost." *ParkWest II*, 154 Idaho at 684–85, 302 P.3d at 24–25. In *Palmer*, the Court held that the claimant's materialman's lien normally would be entitled to priority over a subsequently executed mortgage, but the claimant's failure to timely file proceedings to enforce his lien rendered his lien "unenforceable and . . . not entitled to priority." 86 Idaho at 400–01, 388 P.2d at 99–100. This Court summarized the holding from *Palmer* as: "a party must timely seek to enforce their lien, or it is lost." *ParkWest II*, 154 Idaho at 684, 302 P.3d at 24. In *Willes*, the Court held that the claimant's failure to timely join the wife in a foreclosure action against property jointly held by the husband and wife caused his lien against the wife's *and* husband's interests in the property to be "wholly lost." 78 Idaho at 108–09, 298 P.2d at 974–75. The Court therefore denied the claimant the right to foreclose his lien against the property. *Id.* This Court summarized the

7

holding from *Willes* as: "a party must timely name proper parties in a foreclosure action, or the lien is lost against the unnamed parties." *ParkWest II*, 154 Idaho at 684, 302 P.3d at 24.

Finally, the Court applied Idaho Code section 45-510 and the prior case law to the issue in *ParkWest II*: an action to foreclose a mechanic's lien encumbered by a deed of trust in which the claimant failed to join the trustee within the statutory six-month period. The Court held:

> In light of this authority, because a mechanic's lien is lost as to any interest in property not named in a foreclosure action, we hold that a subsequent holder of legal title to property encumbered by a deed of trust and a mechanic's lien, takes the property free and clear of the mechanic's lien, where the lienor fails to name the trustee of the deed of trust in an action to enforce the mechanic's lien within the period of time required by statute.

*Id.* at 685, 302 P.3d at 25. "In other words," the Court held, "it is necessary to name the trustee who holds legal title to the property" when a lien claimant seeks to foreclose a lien on property encumbered by a deed of trust. *Id.* The Court then recognized that the claimant in *ParkWest II* failed to name the trustee who "held legal title to the property" in its foreclosure action against property encumbered by a deed of trust. *Id.* Due to this error, the claimant "lost" his lien against the subsequent purchaser, who was conveyed the property through a trustee's deed following the foreclosure of the deed of trust. *Id.* Therefore, the Court concluded that the subsequent purchaser "took the property free and clear" of the claimant's mechanic's lien. *Id.*

**C.      We reaffirm our holding in *ParkWest II*.**

ACI requests that the Court modify or overrule *ParkWest II*. ACI asserts that *ParkWest II* is out-of-touch with the practical reality of the use of deeds of trust and creates confusion, uncertainty, and increased expense in the real estate industry. ACI makes two primary arguments in support of its position. First, ACI argues that for the past thirty years the Court has incorrectly equated a deed of trust with a mortgage with a power of sale. Second, ACI argues that the legal title conveyed to the trustee is not a conveyance of real property to the trustee as a true owner. Rather, ACI submits that the trustee's role is limited and the minimal legal title represents only the right to sell in the event of foreclosure. Along these same lines, ACI asserts that a broad understanding of the trustee's legal title renders the trustee an indispensable party to all real property litigation and will open the floodgates to litigation concerning breach of the trustee's duties. Further, ACI submits that this flux of litigation will increase the cost of deeds of trust and decrease the number of individuals and entities willing to act as trustees.

The Idaho Land Title Association (ILTA) filed a brief in support of ACI's position and, among other arguments, raises similar policy concerns. Specifically, ILTA argues that *ParkWest II*'s holding creates uncertainty, chills the climate for those considering trustee work, and increases the expense and risk of such work. However, in that regard,

> When there is controlling precedent on questions of Idaho law the rule of stare decisis dictates that we follow it, unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice.

*W. Home Transp., Inc. v. Idaho Dep't of Labor*, 155 Idaho 950, 953, 318 P.3d 940, 943 (2014) (quoting *Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 142 Idaho 589, 592, 130 P.3d 1127, 1130 (2006)) (internal quotation marks omitted).

While the practical concerns put forth by ACI and ITLA may be somewhat valid, we hold that *ParkWest II* is not manifestly wrong, unjust or unwise, or contrary to plain, obvious principles of law. Rather, the holding from *ParkWest II* is in line with the general rules recognized in treatises and has full support from relevant precedent. *See* 53 AM. JUR. 2d *Mechanics' Liens* §§ 367, 369, 374; 56 C.J.S. *Mechanics' Liens* § 412. Our review of the case law shows that, to determine the necessary parties to an action to foreclose a mechanic's lien, the focus is not on whether the state follows title or lien theory or whether the deed of trust conveys a "true ownership" interest or a minimal interest of a power of sale. Rather, the focus is on the interpretation of Idaho Code section 45-510, or its equivalent, and the most efficient way to resolve competing interests in property subject to a mechanic's lien. With this focus in mind, Idaho Code section 45-510, or its equivalent, has been interpreted by this Court, the federal district court for Idaho, the Ninth Circuit Court of Appeals, and the California state courts to place certain, specific limitations on lien enforcement and require compliance to maintain the lien against *all* interested parties, including trustees. *See W. Loan & Bldg. Co.*, 32 Idaho at 500–01, 185 P. at 555; *see also Cont'l & Commercial Trust & Sav. Bank*, 222 F. at 785–89; *D.W. Standrod & Co. v. Utah Implement-Vehicle, Co.*, 223 F. 517, 518–19 (9th Cir. 1915); *Utah Implement-Vehicle Co.*, 209 F. at 944–47; *Monterey S.P. P'ship v. W.L. Bangham, Inc.*, 261 Cal. Rptr. 587, 590 (Cal. 1989); *Whitney v. Higgins*, 10 Cal. 547, 551, 1858 WL 1012, at *4 (Cal. Oct. Term 1858); *Grinnell Fire Prot. Sys. Co. v. Am. Sav. & Loan Ass'n*, 228 Cal. Rptr. 292, 296 (Cal. Ct. App. 1986); *Riley v. Peters*, 15 Cal. Rptr. 41, 41–42 (Cal. Dist. Ct. App. 1961); *Paramount Sec. Co. v. Daze*, 17 P.2d 1049, 1050–52 (Cal. Dist. Ct. App. 1933); *Barr Lumber*

*Co. v. Old Ivy Homebuilders, Inc.*, 40 Cal. Rptr. 2d 717, 720 (Cal. App. Dep't Super. Ct. 1995). *ParkWest II* does not venture into new legal territory or unreasonably expand the Court's interpretation of Idaho Code section 45-510. Rather, *ParkWest II* is entirely consistent with relevant case law.

Although the rule from *ParkWest II* may cause harsh results in some circumstances, those concerns have been rejected in the past due to the fact that the right to a mechanic's lien "is wholly the creature of statute." *Utah Implement-Vehicle Co.*, 209 F. at 944. The Ninth Circuit Court of Appeals recognized that the rule "results in harshness and injustice to the lien claimants," but declined to reconsider it. *D.W. Standrod & Co.*, 223 F. at 519. This Court also was unpersuaded by the apparent harshness of our statutory interpretation in a related issue of mechanic's lien attachment and priority:

> [I]t is suggested that . . . injustice will in some way be done to the holder of the subsequent [mechanic's] liens. It is sufficient to say that such lienholders have no rights other than such as the statute gives, and, if the liens as given are rendered less valuable because of [the Court's ruling], they cannot complain, because they took their liens subject to such contingencies, and subject to those provisions of said law.

*Pac. States Sav., Loan & Bldg. Co. v. Dubois*, 11 Idaho 319, 330, 83 P. 513, 516 (1905). Therefore, considering that *ParkWest II* is consistent with the long-standing rule, any alleged harshness or injustice is unconvincing.

ACI's and ITLA's arguments in support of overruling or modifying *ParkWest II* are likewise unpersuasive. *ParkWest II* issued a narrow holding grounded in Idaho Code section 45-510. Contrary to ACI's and ITLA's concerns, *ParkWest II* does not categorically expand the duties of a trustee or the nature of a deed of trust. The opinion focuses on the lien enforcement procedure provided by Idaho Code section 45-510 and the Court's interpretation of that statute. The discussion of deeds of trust recites only the well-established law. The opinion does not support the proposition that a trustee is a necessary party to all real property litigation nor does it authorize an expansion of the law on actions against a trustee for breach of the trustee's duties. Although cases cannot be read in a vacuum, this Court in *ParkWest II* plainly limited its holding to actions to foreclose a mechanic's lien.

Moreover, any change to the statutory procedure for mechanic's lien enforcement is best suited for the legislature. "The wisdom, justice, policy, or expediency of a statute are questions for the legislature alone." *Berry v. Koehler*, 84 Idaho 170, 177, 369 P.2d 1010, 1013 (1962). "If

the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *In re Estate of Miller*, 143 Idaho 565, 567, 149 P.3d 840, 842 (2006)). "The public policy of legislative enactments cannot be questioned by the courts and avoided simply because the courts might not agree with the public policy so announced." *Id.* at 896, 265 P.3d at 509 (quoting *State v. Village of Garden City*, 74 Idaho 513, 525, 265 P.2d 328, 334 (1953)). Here, ACI's and ITLA's issue with the rule that a trustee is a necessary party is exclusively attributable to Idaho Code section 45-510 and the Court's interpretation of that statute, which relies on precedent established almost one hundred years ago. Moreover, the legislature brought about the transition from a lien to title theory state with the enactment of the Trust Deeds Act in 1957. *Long*, 105 Idaho at 587, 671 P.2d at 1050. The legislature provided that a trust deed conveys legal title to the property to the trustee. I.C. §§ 45-1502(2)–(3), -1513. Thus, no matter how our case law characterizes the trustee's interest or authority, even if minimal, the trustee still holds legal title under the statutes. Therefore, pursuant to Idaho Code section 45-510 and its statutory interpretation, the trustee is a necessary party to an action to foreclose a mechanic's lien. Any change to this rule is a task for the legislature.

**D.     The district court properly granted summary judgment to the Monument Heights group.**

The district court correctly recognized that *ParkWest II* controlled the issue at hand. ACI failed to join the holders of legal title, the trustees, in its action to foreclose its liens within the six-month statutory period in Idaho Code section 45-510. As such, ACI's liens were lost and unenforceable as to the trustees' interests—legal title of the property. Therefore, the district court properly granted summary judgment to the Monument Heights group.

To avoid the application of *ParkWest II*, ACI submits three arguments. First, ACI argues that the facts here are distinguishable from *ParkWest II*. ACI submits that, unlike *ParkWest II*, a trustee's sale of the property has not occurred and a subsequent purchaser is not seeking to clear the property of ACI's mechanic's liens. This argument, however, ignores the holding from *ParkWest II* that Idaho Code section 45-510 essentially provides a procedural bar to actions to enforce mechanic's liens. As discussed above, Idaho Code section 45-510 "operates as a limitation of the liability itself as created" as well as a limitation on the remedy. *W. Loan & Bldg. Co.*, 32 Idaho at 501, 185 P. at 555 (quoting *The Harrisburg*, 119 U.S. at 214). "It is a condition attached to the right to sue at all." *Id.* (quoting *The Harrisburg*, 119 U.S. at 214). Here, ACI

11

failed to comply with the "condition" in Idaho Code section 45-510 to name a "necessary" party to foreclose its lien. *See ParkWest II*, 154 Idaho at 685, 302 P.3d at 25. Thus, whether or not a trustee's sale occurs in the future, ACI's liens are lost for failing to comply with Idaho Code section 45-510 upon enforcement.

Second, ACI argues that, construing the mechanic's lien statutes in its favor, ACI's failure the name the trustees should be excusable for a lienholder who filed in good faith and caused no prejudice. This argument is misplaced because it is based on an inapplicable statute, Idaho Code section 45-507. This statute governs the requirements for a claim of lien. At issue here is the statute regarding the enforcement of a claim of lien, Idaho Code section 45-510. As ACI correctly explains, the Court has not demanded strict compliance with the requirements in Idaho Code section 45-507 regarding a claim of lien. *See, e.g.*, *Manley v. MacFarland*, 80 Idaho 312, 322–23, 327 P.2d 758, 764 (1958). But, as explored above, the case law requires timely compliance with the procedures in Idaho Code section 45-510 to enforce a lien as those procedures limit the liability itself. *See W. Loan & Bldg. Co.*, 32 Idaho at 501, 185 P. at 555. Liberal construction of the mechanic's lien statutes in the claimant's favor "does not permit the court to create a lien where none exists or was intended by the legislature." *L&W Supply Corp.*, 136 Idaho at 743, 40 P.3d at 101 (quoting *Great Plains Equip., Inc.*, 132 Idaho at 760, 979 P.2d at 633). Even a liberal construction of Idaho Code section 45-510 would not permit the omission of a necessary party to the action to enforce the lien.

Third, ACI argues that the Court should reverse the district court's decision because it is inconsistent with *ParkWest II* and will result in shifting lien priority for ACI. This argument centers on ACI's assertion that there is a discrepancy between the district court's memorandum decision and order and its partial summary judgment. This argument mischaracterizes the district court's decisions and misconstrues *ParkWest II*. The district court clearly ruled that *ParkWest II* controlled and ACI's liens were unenforceable as to the interest possessed by the trustee through the deed of trust: legal title. Therefore, ACI lost its liens against the property by failing to comply with Idaho Code section 45-510. Contrary to ACI's assertion, there is no change in ACI's lien priority before or after the trustee's sale. Although ACI's liens may have been senior to the deed of trust *prior to enforcement*, ACI lost that priority upon its enforcement action by failing to join a necessary party within the statutory time limitation. In short, ACI's liens are now "without any life." *Cont'l & Commercial Trust & Sav. Bank*, 222 F. at 789.

**E.      The Court declines to award attorney's fees on appeal.**

ACI seeks an award of attorney's fees pursuant to Idaho Code section 12-120(3) and Idaho Code section 45-513. We decline to award attorney's fees to ACI. First, Idaho Code section 12-120(3) is inapplicable. As a general statute, Idaho Code section 12-120(3) does not apply to an award for attorney's fees in mechanic's lien foreclosure proceedings. *Intermountain Real Props., LLC v. Draw, LLC*, 155 Idaho 313, 320, 311 P.3d 734, 741 (2013). Second, the applicable statute, Idaho Code section 45-513, also "does not provide for the award of attorney fees on appeal, because the legislature deleted that provision from the statute prior to adopting it." *Id.* (quoting *ParkWest II*, 154 Idaho at 686, 302 P.3d at 26).

The Monument Heights group requests an award of attorney's fees pursuant to Idaho Appellate Rules (I.A.R.) 11.2 and 41. The Court construes I.A.R. 11.2 in the same manner as Idaho Rule of Civil Procedure (I.R.C.P.) 11(a)(1). *Flying A Ranch, Inc. v. Bd. of Cnty. Comm'rs for Fremont Cnty.*, 156 Idaho 449, 454, 328 P.3d 429, 434 (2014). The attorney's signature on a document constitutes two substantive certifications:

> (a) "that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," **and** (b) "that it [the document] is not interposed for any improper purpose." I.R.C.P. 11(a)(1).

*Id.* at 453, 328 P.3d at 433 (alterations in original). To comply with I.A.R. 11.2, both certifications must be accurate. *Id.* A document is signed in violation of the rule if either certification is inaccurate. *Id.* In this case, ACI's brief accurately meets both certifications. ACI's brief is not interposed for an improper purpose and provides a good faith argument regarding *ParkWest II*. Therefore, the Monuments Heights group is not awarded attorney's fees on appeal.

## V.  CONCLUSION

The judgment of the district court is affirmed. Costs on appeal to respondents.

Chief Justice BURDICK, Justices EISMANN and HORTON, CONCUR.

J. JONES, Justice, specially concurring.

I concur in the Court's opinion based on the fact that "Idaho is a title theory state, whereby a deed of trust is a title-passing procedure." *ParkWest Homes, LLC v. Barnson*, 154 Idaho 678, 684, 302 P.3d 18, 24 (2013). This status is dictated by Idaho Code section 45-1502. The Legislature clearly provided that a trust deed conveys "legal title to real property" to the trustee. I.C. § 45-1502(3) and (4). The trustee retains legal title until the obligation secured by

13

the deed of trust has been performed. I.C. § 45-1514. ACI and ITLA made excellent arguments for overruling our *ParkWest* holding that requires a trustee to be named as a party in a lien foreclosure proceeding. However, this Court is not a legislature and those excellent arguments must be addressed to the Legislature rather than to this Court. It appears that ACI acted reasonably here. It could not necessarily have anticipated our holding in *ParkWest*, which came after the six-month limitation period provided for in Idaho Code section 45-510 had already expired. ACI did due diligence by obtaining a litigation guaranty prior to commencing its foreclosure action and naming as parties those who were listed in the litigation guaranty. The result here is harsh from ACI's standpoint but it may have some recourse through its litigation guaranty. On the broader question of whether trustees of trust deeds against real property involved in mechanic's lien foreclosure actions must continue to be named as parties, the Legislature is the appropriate forum to seek an answer.