# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49708

| | | |
|---|---|---|
| In the Matter of Petition for Release of Mechanic's Lien. | ) ) ) | |
| DATUM CONSTRUCTION, LLC, an Idaho limited liability company, | ) ) ) | Boise, June 2023 Term |
| Petitioner-Respondent, | ) ) | Opinion filed:  December 18, 2023 |
| v. | ) ) | Melanie Gagnepain, Clerk |
| RE INVESTMENT CO., LLC dba PRO RENTALS & SALES, | ) ) ) | |
| Claimant-Appellant. | ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Michael Reardon, District Judge.

The decision of the district court is <u>reversed</u>; its judgment is <u>vacated</u>.

Hahn Law Office, Idaho Falls, for Appellant. Frederick J. Hahn, III argued.

McConnell Wagner Sykes & Stacey, PLLC, Boise, for Respondent. Arnie Wagner argued.

---

BEVAN, Chief Justice.

This appeal concerns the release of a mechanic's lien bond following the district court's finding that a foreclosure action had not been filed within six months under Idaho Code section 45-521. RE Investment Co., LLC, dba Pro Rentals & Sales ("Pro Rentals") appeals from the district court's judgment releasing the bond filed with the district court by Datum Construction, LLC ("Datum"). Pro Rentals argues that the district court erred in concluding that the bond should be released because Pro Rentals had not commenced an action to recover against the bond within six months. For the reasons discussed below, we reverse the district court's decision.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Datum was the general contractor on a commercial construction project in Star, Idaho. Datum subcontracted a portion of the work on that project to Elmore Welding and Steel. Elmore Welding and Steel then rented equipment for the project from Pro Rentals but failed to pay Pro Rentals for its use of the equipment. On March 31, 2021, Pro Rentals recorded a claim of lien in the amount of $38,997.91 with the Ada County Recorder on the Star project for the materials rented to Elmore Welding and Steel.

On May 7, 2021, Datum purchased a bond from Harco National Insurance Company in the amount of $58,496.87, which was one and a half times the amount stated in the lien. Four days later, Datum petitioned to file the bond with the district court and release the lien under Idaho Code section 45-521. A copy of that petition was served on Pro Rentals. On May 26, 2021, the district court held a hearing on Datum's petition. Pro Rentals did not appear at the hearing or otherwise oppose Datum's petition. Later that same day, the district court issued an order releasing Pro Rentals' lien, finding that the lien was released of record for all purposes and that the bond was subject to the claims that would otherwise constitute the claim of lien.

On June 29, 2021, Pro Rentals moved to enforce liability of surety. Datum opposed Pro Rentals' motion; however, Pro Rentals did not notice the motion for a hearing, and the district court did not issue an order on the motion. On October 8, 2021, Datum moved to release the bond, arguing that Pro Rentals had failed to begin proceedings to enforce its claim of lien within six months. A few hours later, Pro Rentals filed a motion for a thirty-day setting.[1] Pro Rentals argued that the six-month limitation period applicable to mechanic's liens did not apply to Pro Rentals' claim against the bond.

The district court issued an order granting Datum's motion to release the bond, concluding that the bond served as substitute security for the property and did not otherwise alter the rights or obligations of the parties. Pro Rentals was thus required to enforce its claim of lien within the six-month period outlined in Idaho Code section 45-510. The district court found Pro Rentals had not done so, granted Datum's motion, and entered a judgment releasing the bond. Pro Rentals timely appealed.

---

[1] Idaho Code section 45-522 provides preferential settings for a lien claimant "against the lien claimant's debtor and to join therein the surety on the bond[,]" within "thirty (30) days of" filing a demand for a thirty-day setting.

## II.    STANDARD OF REVIEW

"This Court exercises free review over questions of law." *Chester v. Wild Idaho Adventures RV Park, LLC*, 171 Idaho 212, 222, 519 P.3d 1152, 1162 (2022) (citing *Latvala v. Green Enters., Inc.*, 168 Idaho 686, 695, 485 P.3d 1129, 1138 (2021)). "Interpretation of a statute is a question of law." *Id.* (quoting *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 470, 283 P.3d 785, 787 (2012)).

## III.    ANALYSIS

**A.    The district court erred in construing Idaho Code section 45-510 to create a six-month statute of limitations to file an action on a bond.**

This case requires us to interpret two aspects of Idaho's mechanic's lien statutes. Idaho Code section 45-510(1) provides that no mechanic's lien will bind any property for more than six months after it is filed unless proceedings have been commenced with the proper court within that time to enforce the lien. Idaho Code section 45-518 permits a mechanic's lien to be released upon the posting of a surety bond in the manner provided in sections 45-519 through 45-524.

In this case, Datum posted the bond, and the district court released the lien. Datum later moved the district court to release the bond when Pro Rentals did not commence an action within six months of filing the lien. Relying on this Court's decision in *American Bank v. Wadsworth Golf Construction Co. of the Southwest*, 155 Idaho 186, 307 P.3d 1212 (2013), the district court granted Datum's motion, applying the six-month statute of limitations set forth under Idaho Code section 45-510.

*1. Idaho Code section 45-510 is inapplicable to this dispute because Pro Rentals' lien was released for all purposes.*

This matter requires us to apply statutory construction to various sections of Chapter 5, Title 45 of the Idaho Code. Two separate parts of this chapter are at play: the Idaho mechanic's lien provisions found in Idaho Code sections 45-510 through 45-517, and the Idaho mechanic's lien bond provisions (also known as the "bond around" provisions) found at Idaho Code sections 45-518 through 45-524. The mechanic's lien provisions were originally adopted as part of Idaho's General Laws in 1893. The mechanic's lien bond provisions were added by the Idaho Legislature in 1993. *See* Act of Apr. 1, 1993, ch. 378, 1993 IDAHO SESS. LAWS 1386–92.[2] Datum argues that Idaho Code section 45-510 applied to limit Pro Rentals' claims against the bond. Datum maintained below and on appeal that section 45-510 creates a statute of limitations within which Pro Rentals had to file a foreclosure action. We disagree. If it were the legislature's intent that

Idaho Code section 45-510 should be the statute of limitations for the bond around statute, it should have done so with more clarity.

"The interpretation of a statute must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). "If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Id.* (quoting *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). "A statute is ambiguous where the language is reasonably capable of more than one conflicting construction" but "ambiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous." *L & W Supply Corp. v. Chartrand Fam. Tr.*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002) (quoting *Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 572, 21 P.3d 890, 894 (2001)).

"Courts are constrained to follow [the] plain meaning [of a statute], and neither add to the statute nor take away by judicial construction." *Johnson v. Boundary Sch. Dist. #101*, 138 Idaho 331, 335, 63 P.3d 457, 461 (2003). Additionally, "statutes that are in pari materia are construed together to effect legislative intent." *St. Alphonsus Reg'l Med. Ctr. v. Elmore Cnty.*, 158 Idaho 648, 653, 350 P.3d 1025, 1030 (2015).

In its order on the motion to release bond, the district court found:

> Datum argues that pursuant to Idaho Code section 45-510(1), the Lien was valid for six months unless [Pro Rentals] commenced proceedings to enforce the Lien. Datum contends that [Pro Rentals] took no action on or before September 30, 2021[,] to enforce its lien, or for payment under the Bond. . . . Datum argues that the rights and obligations of the parties were otherwise unaffected and neither the Bond nor release of the Lien relieved [Pro Rentals] of its obligation to commence proceedings to foreclose on the Lien within the six (6) months proscribed by Idaho Code section 45-510(1) and, accordingly, [Pro Rentals'] Lien has expired. The [c]ourt agrees with Datum.

Both Datum and the district court, however, misapply the plain meaning of the mechanic's lien and mechanic's lien bond statutes. Datum asserts that Idaho Code section 45-410 applied to limit Pro Rentals' claims *against the bond* to the time it had available to seek an action in rem[2] *on its*

---

[2] "I.C. [section] 45-501 et seq. provides for an in rem proceeding which creates no personal charge against the owner of the property, but which creates a lien against the property itself, to the extent of its value[.]" *L & W Supply Corp. v. Chartrand Fam. Tr.*, 136 Idaho 738, 746, 40 P.3d 96, 104 (2002). *"In rem* proceedings are brought against property, not parties." *In re: SRBA Case No. 39576 Subcase Nos. 65-23531 & 65-23532*, 163 Idaho 144, 151, 408 P.3d 899, 906 (2018) (citing 50 C.J.S. *Judgments* § 1387 (2017)).

4

*lien* against the property. But any reliance on the lien was extinguished by Datum's filing of the bond and releasing of the lien.

Idaho Code Section 45-510, entitled "**Duration of Lien**," establishes the duration of such a *lien*. It plainly limits that duration to six months:

> (1) No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to *enforce such lien*. . . .

(Emphasis added).

Any lien filed under the chapter expires six months after the claim was filed. Any action to "enforce the lien," again, an action against the property *in rem*, must be commenced within that six-month period. But contrary to Datum's position, Idaho Code section 45-510 does not include a statute of limitations, especially as it relates to a bond. Instead, it creates a defense for a property owner should a lienholder try to enforce a lien more than six months after it has been filed. Theoretically, a lien claimant could file a foreclosure action more than six months after the lien was recorded, but under Idaho Code section 45-510, the property owner would have an absolute defense to the action, not because a statute of limitations had run, but because the lien, by its statutory authority, had expired.

Both the district court and Datum have created and applied a nonexistent statute of limitations by extrapolating one from the mechanic's lien statute and then imposing it onto the bond around provisions. However, no such limitation exists. Upon filing a bond, the lien ceases to exist and there is no way to enforce it. Courts "cannot insert into statutes terms or provisions which are obviously not there." *Brown v. Brown (In re Estate of Brown)*, 166 Idaho 472, 479, 461 P.3d 754, 761 (2020) (quoting *Melling v. Chaney (In re Chaney)*, 126 Idaho 554, 558, 887 P.2d 1061, 1065 (1995)). If we were to adopt Datum's position, we would have done just that by limiting Pro Rentals to a six-month limitation for seeking recovery against the bond.

Thus, what we have in this case is entirely different from a lien enforcement action. Datum chose to replace the lien with a bond, filed May 26, 2021, under Idaho Code section 45-518: "A mechanic's lien of record upon real property may be released upon the posting of a surety bond in the manner provided in sections 45-519 through 45-524, Idaho Code." I.C. § 45-518. Section 45-521 provides that a court order allowing substitution of a bond mandates that the lien is released of record for all purposes:

5

> (2) The entry of the order by the court must refer to the property which is the subject of the lien and the lien itself, by instrument number, and *must recite that the lien is released of record for all purposes* to the same extent as if released of record by the lienor.
>
> (3) Upon entry of the order, *the lien is released of record in its entirety and for all purposes* and the real property, the subject of the lien, is released from the encumbrances of the lien.

I.C. § 45-521(2), (3) (emphasis added). Thus, any such lien is released for all purposes upon such a filing, and Idaho Code section 45-510 had no application thereafter.

The district court's order here followed this statutory mandate and specifically released the lien for all purposes:

> IT IS HEREBY ORDERED, and this does order, that Claimant's Claim of Lien is released of record *for all purposes, to the same extent as if such Claim of Lien had been released of record by Claimant*, and the Bond procured by Petitioner and held by this Court shall be subject to the claims that would otherwise constitute a Claim of Lien.

(Emphasis added.) Thus, Pro Rentals' lien no longer bound the real property against which it had been recorded. Once the lien was released, Pro Rentals' remedy was solely *in personam* against the bond. *See In Personam*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("An action is said to be *in personam* when its object is to determine the rights and interests of the parties themselves in the subject-matter of the action, however the action may arise . . . ."). Any rights or obligations flowing from the lien *in rem* were extinguished. There was no necessity nor ability for Pro Rentals to file a foreclosure action on the lien, which had been "released for all purposes." And yet Datum argued multiple times below that Pro Rentals had failed to *foreclose its lien* within the "6-month limitation" and therefore the bond and Pro Rentals' claims had "expired."

Instead, Datum as principal and Harco National Insurance Company as surety, bound themselves by *contract* to Pro Rentals to pay Pro Rentals the amount recoverable on its claims: its unpaid amounts for rental equipment. These rights are solely *in personam*, and flow to Pro Rentals as the beneficiary of the bond.

The distinction between *in rem* and *in personam* actions is significant. This distinction was noted by the New Mexico Supreme Court, observing that a foreclosure action is *quasi in rem*, while an action on the bond is *in personam*:

> The distinction between the two remedies is found in the historic view that a foreclosure action is purely quasi in rem, affording relief only against the secured property, and a suit on a bond or note is in personam. *Resolution Trust Corp. v. Berman Indus., Inc.,* 271 N.J.Super. 56, 637 A.2d 1297, 1300 (1993); *see also*

6

> *Central Penn Nat'l Bank v. Stonebridge Ltd.,* 185 N.J.Super. 289, 448 A.2d 498,
> 504 (1982) ("A foreclosure proceeding is solely an action *quasi in rem* and the relief
> granted is only against the land itself, whereas, an action on the note is *in
> personam*.").

*Kepler v. Slade*, 896 P.2d 482, 485 (N.M 1995).

Once the district court issued its order releasing the lien for all purposes, Pro Rentals' lien was no longer secured by the property. As a result, Pro Rentals had no need to—and could not—file a foreclosure action on the lien. Pro Rentals' sole remedy was an *in personam* action on the bond. In short, while the six-month period in section 45-510 limits the right to enforce a lien, *Sims v. ACI Northwest, Inc.*, 157 Idaho 906, 910, 342 P.3d 618, 622 (2015), sections 45-518 to 45-524 provide an alternative right to establish liability against the surety bond and against the surety: "By entering into a bond given pursuant to section 45-519, Idaho Code, the surety submits *himself* [or *herself*] to the jurisdiction of the court in which the bond is filed. . . ." I.C. § 45-523(1) (emphasis added). An action against the surety and the party posting the bond does not even require an independent action. The party seeking recovery may do so simply by making a motion for that purpose. *Id.* ("[L]iability [on the bond] may be enforced on motion without the necessity of an independent action."). Pro Rentals properly invoked Idaho Code section 45-523 and moved for an order to enforce the liability of the surety bond.

Pro Rentals also seeks to support its argument here with reliance on legislative history surrounding the mechanic's lien statute and the amendments to the statute that permitted a lien to be replaced by a surety bond. But we have held the statutes at issue to be plain and unambiguous. "Where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect; the Court need not go beyond the plain meaning of the statute." *Kuna Rural Fire Dist. v. Pub. Emp. Ret. Sys. of Idaho Bd.*, 170 Idaho 496, 500–01, 512 P.3d 1119, 1123–24 (2022) (quoting *Manning v. Micron Tech., Inc.*, 170 Idaho 68, 506 P.3d 244, 250 (2022)). Indeed, "[w]e have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Grace at Twin Falls, LLC v. Jeppesen*, 171 Idaho 287, 519 P.3d 1227, 1232–33 (2022) (quoting *Breckenridge Prop. Fund 2016, LLC v. Wally Enterprises, Inc.*, 170 Idaho 649, 516 P.3d 73, 81 (2022)). Thus, we have no need to review legislative history as part of our analysis.

*2. Idaho Code section 5-219 provides the applicable statute of limitations to commence an action against the bond.*

We recognize that section 45-522 affords an expedited process as part of allowing recovery against the bond solely on a motion. A motion to enforce the claim against the bond and the party posting it "must not be instituted until the lapse of thirty (30) days following the giving of notice of entry of judgment in the action against the lien claimant's debtor[.]" I.C. § 45-523(2). But this expedited process does not mandate a six-month limitation on an action against the bond. Neither this provision, nor the remaining sections of the bond around statute identify any time limitations on a claimant's ability to enforce liability on the bond. The statute is silent on how long a bond exists once the lien has been released. Without any specific statutory limitation within this title, we turn to the statutory scheme for limitations of actions: Title 5, chapter 2 of the Idaho Code. Section 5-219 requires that "actions against officers, for penalties, *on bonds*, and for professional malpractice or for personal injuries" must be brought within two years. (Emphasis added). Thus, under the statutes that existed at the time, Pro Rentals had two years to bring its action against both Datum and Harco National Insurance on the bond posted to release the lien.

This result tracks the liberality with which the mechanic's lien statute should be interpreted. "The mechanic's lien statutes are liberally construed in favor of those to whom the lien is granted . . . ." *ParkWest Homes LLC v. Barnson*, 149 Idaho 603, 605, 238 P.3d 203, 205 (2010) (citing *BMC West Corp. v. Horkley*, 144 Idaho 890, 893–94, 174 P.3d 399, 402–03 (2007)). "It is clear that in Idaho lien statutes governing mechanic's and laborer's liens are to be liberally construed so as to effect their objects and to promote justice." *Metro. Life Ins. Co. v. First Sec. Bank*, 94 Idaho 489, 493, 491 P.2d 1261, 1265 (1971) (citing *Seafoam Mines Corp. v. Vaughn*, 56 Idaho 342, 53 P.2d 1166 (1936)). "The purpose of these statutes is to compensate persons who perform labor upon or furnish material to be used in construction, alteration or repair of a structure." *Franklin Bldg. Supply Co. v. Sumpter*, 139 Idaho 846, 850, 87 P.3d 955, 959 (2004) (quoting *Barber v. Honorof*, 116 Idaho 767, 768-69, 780 P.2d 89, 90-91 (1989)).

A party entitled to recover for work performed on a construction project should not be cut off under the notion that a bond is synonymous with a lien. Such a conclusion is unsupported by the law and the principles of "promoting justice" as recognized in the cases just cited.

Datum misinterprets the bond around statute to conclude that, because the bond provisions do not provide an explicit limitations period, the applicable limitations period is the six-month period allowed to foreclose a lien under section 45-510. To reach this conclusion, both Datum and

the district court relied on *American Bank v. Wadsworth Golf Const. Co. of the Sw.*, 155 Idaho 186, 307 P.3d 1212 (2013), but that case did not involve the interplay between liens and bonds; it involved disagreement about the priority of liens. As a result, that holding, which we discuss below, is inapplicable to the facts here.

     *3.* American Bank *does not support Datum's position.*

     The district court relied on *American Bank* to establish that Pro Rentals' lien had expired because an action to foreclose on the lien had not been brought before September 30, 2021. In its order, the district court explained:

> Datum argues that the rights and obligations of the parties were otherwise unaffected and neither the Bond nor release of the Lien relieved [Pro Rentals] of its obligation to commence proceedings to foreclose on the Lien within six (6) month proscribed by Idaho Code section 45-510(1) and, accordingly, [Pro Rentals'] Lien has expired. The [c]ourt agrees with Datum.
>
> > "A mechanic's lien of record upon real property may be released upon the posting of a surety bond in the manner provided in sections 45-519 through 45-524, Idaho Code." I.C. § 45-518. Upon petition for release of the bond in the form prescribed by I.C. § 45-520, the court may release the property from the lien, and "[u]pon entry of the order, the lien is released of record in its entirety and for all purposes and the real property, the subject of the lien, is released from the encumbrances of the lien." I.C. § 45-521.
>
> *Am. Bank v. Wadsworth Golf Const. Co. of the Sw.*, 155 Idaho 186, 191, 307 P.3d 1212, 1217 (2013). [Pro Rentals] argues that the lien was released of record for all purposes and as such the statute of limitations under Idaho Code section 45-510(1) no longer applies. The [c]ourt disagrees. "[T]he lien release bond is merely meant to act as substitute security for the real property and does not otherwise affect the rights of interested parties." *Id*. at 192, 307 P.3d at 1218.

*American Bank* did not address the issues now before us. In *American Bank*, the Bank lent money to BRN Development. 155 Idaho at 188, 307 P.3d at 1214. BRN hired Wadsworth Golf Construction Company of the Southwest to construct a project. *Id*. BRN, however, failed to pay Wadsworth for the work performed, so Wadsworth filed a mechanic's lien. *Id*. BRN later defaulted on its loan from the Bank, and the Bank started a foreclosure. *Id*. Wadsworth's claim of lien was subordinate to the Bank's mortgage. *Id*. To foreclose, the Bank posted a lien release bond to prompt an order from the district court releasing Wadsworth's lien under Idaho Code section 45-521. *Id*. The Bank was the successful bidder at the foreclosure sale, but the district court ruled it had to pay off the mechanic's lien from the bid proceeds.

The Bank appealed, arguing that when a bond is posted, recovery against the bond is limited to the amount the lienholder would have recovered in a foreclosure action. *Id*. at 191, 307 P.3d at 1217. This Court agreed:

> The lien release bond is merely meant to act as substitute security for the real property and does not otherwise affect the rights of interested parties. We are unable to identify a legitimate policy consideration supporting recovery against the property's replacement in those cases where the lien claimant would recover nothing by way of lien foreclosure. Thus, we hold that "such amount as a court of competent jurisdiction may adjudge to have been secured by his lien" is limited to the amount that the lien holder could have recovered against the real property in a foreclosure action.

*Id*. at 192, 307 P.3d at 1218.

Pro Rentals argues that *American Bank* is distinguishable and does not address the issues arising in this case. We agree. The lien release bond was "substitute security" in a contest of priority over the *lien* rights of the affected interested parties. It had nothing to do with the *in personam* rights of the parties against the bond itself. The language from *American Bank* that the district court relied on merely clarified that the lienholder was subordinate in priority to the mortgage lien. Thus, the result from *American Bank* is distinguishable from the facts here. Accordingly, Datum, as the principal on the bond, remained obligated to pay Pro Rentals.

**B.      Pro Rentals is awarded its attorney fees on appeal.**

Both parties seek an award of attorney fees. Pro Rentals asserts it should be awarded attorney fees under Idaho Appellate Rule 41 and Idaho Code sections 45-513 and 45-522(1)(d). Section 45-513 allows, "as part of the costs the moneys paid for filing and recording the claim, . . . reasonable attorney's fees." I.C. § 45-513. Separately, section 45-522 entitles a lien claimant to "bring an action against the lien claimant's debtor and to join therein the surety on the bond." I.C. § 45-522(1). Under subsection (1)(d) of that statute, the rights of the lien claimant include "[a]ttorney's fees for representation of the lien claimant in the proceedings[.]" I.C. § 45-522(1)(d). Applying a liberal construction to these lien statutes, we conclude that Pro Rentals is entitled to attorney fees and costs on this appeal. *ParkWest Homes LLC*, 149 Idaho at 605, 238 P.3d at 205 (citing *BMC West Corp.*, 144 Idaho at 893–94, 174 P.3d at 402–03) ("The mechanic's lien statutes are liberally construed in favor of those to whom the lien is granted . . ."). The extent to which Pro Rentals may be entitled to attorney fees on remand will remain an issue for the district court.

Datum separately asserts it is entitled to fees under Idaho Code sections 45-507(7) and 12-120(3). Datum is not the prevailing party and is therefore not entitled to recover attorney fees.

## IV.  CONCLUSION

We reverse the district court's judgment releasing the bond. Pro Rentals is awarded attorney fees and costs on appeal.

JUSTICES MOELLER and STEGNER CONCUR.

ZAHN, Justice, dissenting.

The majority resolves the statutory interpretation question at the crux of this case based on the distinction between an *in rem* lien enforcement action and an *in personam* action against a lien release bond. In doing so, the majority sidesteps our decision in *American Bank v. Wadsworth Golf Construction Co. of the Southwest*, 155 Idaho 186, 307 P.3d 1212 (2013). In my view, resolution of Pro Rentals' appeal turns on the interpretation of the bond around provisions within their statutory scheme rather than the *in rem* or *in personam* nature of Pro Rentals' cause of action against the bond. Consistent with this Court's decision in *American Bank*, I would conclude that the bond merely served as substitute security for Pro Rentals' claim of lien and did not otherwise alter the obligations or legal rights of the parties. Because Pro Rentals failed to initiate an action against the bond within six months of the lien's filing, Pro Rentals lost its ability to collect against the bond. I therefore respectfully dissent.

Idaho Code section 45-518 allows a mechanic's lien to be released upon the posting of a surety bond in the manner provided in sections 45-519 through 45-524. Section 45-519 allows the "debtor of the lien claimant or a party in interest in the premises subject to the lien" to execute, as principal, a bond that is guaranteed by a surety corporation. The bond must be executed substantially as provided in the statute, which states:

> WHEREAS, .................... (name of owner, contractor, or other person disputing the lien) desires to give a bond for releasing the following described real property from that certain claim of mechanic's lien in the sum of $ ..........., recorded .............., ...., in the office of the recorder in ....................... (name of county where the real property is situated):
>
> (legal description)
>
> NOW, THEREFORE, the undersigned principal and surety do hereby obligate themselves to ........................, (name of claimant) the claimant named in the mechanic's lien, under the conditions prescribed by sections 45-518 through 45-524, Idaho Code, inclusive, in the sum of $ ....... (1-1/2 x claim), from which sum *they will pay the claimant such amount as a court of competent jurisdiction may adjudge to have been secured by his lien*, with interest, costs and attorney's fees.

11

I.C. § 45-519 (emphasis added). The statutorily required bond language identifies the scope of Datum's obligation to Pro Rentals on the bond. Notably, the statute describes the scope of Datum's payment obligation on the bond as "such amount as a court of competent jurisdiction may adjudge to have been secured by his lien[.]" I.C. § 45-519. Accordingly, Datum was only obligated to Pro Rentals on the bond for the amount *secured by Pro Rentals' lien*.

The meaning of the phrase "secured by his lien" is informed by the statutory framework within which the bond around provisions are found. When the Legislature adopted the bond around provisions in 1993, those provisions were placed into an already well-established, statutory framework for obtaining and ultimately collecting on a mechanic's lien. Critical to this case is the statutory requirement set out in section 45-510(1), which provides that no mechanic's lien will bind any property for more than six months after it is filed unless proceedings have been commenced within that time to enforce the lien. This Court "has construed the time limitation in Idaho Code section 45-510 as a limit on liability and the right to enforce." *Sims v. ACI Nw., Inc.*, 157 Idaho 906, 910, 342 P.3d 618, 622 (2015). A lien claimant's ability to enforce a mechanic's lien "is lost as against the interest of any person not made a party to an action to enforce it within the six month period." *Id.* (quoting *Willes v. Palmer*, 78 Idaho 104, 108, 298 P.2d 972, 974 (1956)). Accordingly, section 45-510(1) provides a duration for how long an amount may be "secured by" a claim of lien. *See id.*

Because the statutory bond language in section 45-519 only obligates the obligor for the amount secured by a lien, the bond around provisions must be read in conjunction with the mechanic's lien provisions that limit the duration of a valid claim of lien. A lien release bond simply substitutes a bond as security in place of the real property. The bond around statutes do not expand the legal rights and obligations of the parties to extend the duration of the obligation that was previously secured by the lien but is now secured by a bond.

The majority declines to read the mechanic's lien and bond around provisions as one harmonious scheme and instead opts to read the language of section 45-510(1) in isolation from the remainder of the statutory chapter. While it is true that section 45-510(1) does not explicitly mention a lien release bond, the statutory bond language in section 45-519 makes it clear that the bond around provisions and mechanic's lien provisions must be read together.

Although this Court cannot insert into statutes terms or provisions that are obviously not there, we are obligated to construe all statutes in a chapter *in pari materia*. *See, e.g.*, *Saint*

12

*Alphonsus Reg'l Med. Ctr. v. Elmore County*, 158 Idaho 648, 653, 350 P.3d 1025, 1030 (2015) (citation omitted) ("Statutes that are in pari materia are construed together to effect legislative intent."). This is exactly what this Court already did when it decided *American Bank*.

In *American Bank*, we interpreted the phrase "secured by his lien" in section 45-519 to mean the amount that a claimant could have recovered in an action to foreclose his lien. *See* 155 Idaho at 191–93, 307 P.3d at 1217–19. There, Wadsworth Golf Construction Company filed a mechanic's lien against property already encumbered by American Bank's first-priority mortgage. *Id.* at 188, 307 P.3d at 1214. In order to clear the way for a foreclosure sale of the property, American Bank obtained a bond to release Wadsworth's lien. *Id.* at 189, 307 P.3d at 1215. The subsequent foreclosure sale left no surplus proceeds to satisfy junior interests and, because Wadsworth's lien was junior to the Bank's mortgage, Wadsworth would have recovered nothing in an enforcement action on its lien. *See id.* However, the district court concluded that the issue of priority was irrelevant to Wadsworth's ability to collect against the bond and entered judgment against the Bank for the amount found due on Wadsworth's claim. *Id.* at 189–90, 307 P.3d at 1215–16.

On appeal, this Court concluded that the district court erred by not addressing the meaning of the statutory bond language in section 45-519. *Id.* at 192, 307 P.3d at 1218. We stated that "[r]esolution of this issue turns on the meaning of one phrase in the mechanic's lien statutes that was included verbatim in the lien release bond filed with the court[,]" which was the language stating that the principal and surety on the bond "will pay the claimant such amount as a court of competent jurisdiction may adjudge to have been secured by his lien[.]" *Id.* at 191, 307 P.3d at 1217 (quoting I.C. § 45-519). American Bank argued the phrase meant the amount that Wadsworth could have recovered in a foreclosure action against the property, and because it had not commenced an action within six months of filing its lien, Wadsworth was not entitled to recover anything. *Id.* at 192, 307 P.3d at 1218. Wadsworth argued the phrase simply meant the amount of the lien, not the amount it would have recovered in a foreclosure action. *Id.*

After determining that the statutory language was ambiguous, this Court concluded that the Bank's interpretation was the correct one. *Id.* In reaching this conclusion we considered "not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history." *Id.* (quoting *KGF Dev., LLC v. City of Ketchum*, 149 Idaho 524, 528, 236 P.3d 1284, 1288 (2010)). After examining these factors, we

concluded that Wadsworth's right of recovery was limited to what it could have recovered in a foreclosure action because the bond served merely as substitute security and "does not otherwise affect the rights of interested parties." *Id.*

Our holding in *American Bank* stands for the proposition that a lien release bond acts merely as substitute security for the lien claimant's claim of lien. Therefore, *even after a party posts a bond*, the language in section 45-519 provides that the principal and surety on a bond only obligate themselves to pay the amount that the lien claimant could have recovered in a foreclosure action. The majority claims *American Bank* is distinguishable because it concerned "a contest of priority over the lien rights of the affected interested parties" and "had nothing to do with the *in personam* rights of the parties against the bond itself." (Emphasis omitted.) However, *American Bank* speaks directly to the issue at hand—whether a bond substituted for a mechanic's lien serves only as replacement collateral or serves to extinguish the lien and give rise to an entirely new obligation. Our decision in *American Bank* holds that it is the former—the obligation on the bond is measured by the obligation on the lien.

Whether the bond action is characterized as "*in personam*," "*in rem*," or otherwise is irrelevant because the scope of a lien claimant's recovery in an action on the bond is identical to that which would have been recovered in an *in rem* lien foreclosure action. Accordingly, the majority's reliance on this distinction to circumvent *American Bank* is unavailing. In *American Bank*, Wadsworth could not recover on its claim against the bond because it would not have been able to recover anything in a lien foreclosure action. *See Am. Bank*, 155 Idaho at 192–93, 307 P.3d at 1218–19. The same result is required here since Pro Rentals would not have been able to recover anything in a lien foreclosure action pursuant to section 45-510(1).

Finally, the majority's reliance on our caselaw requiring a liberal construction of the mechanic's lien statutes is misplaced. The majority's reading of the bond around provisions necessarily results in a windfall for lien claimants in cases where a lien release bond is obtained. Here, the majority concludes that the two-year statute of limitation in section 5-219 applies to Pro Rentals' claim against the bond. This means that Pro Rentals (and future lien claimants who are fortunate enough to have their liens released by a bond) has been afforded an additional eighteen months to commence an action on the bond than it would have had on its lien. The public policy in favor of liberally construing the mechanic's lien statutes does not equate to placing bond-lien claimants in a better position than lien claimants whose claims are secured by real property. *See*

14

*Sims*, 157 Idaho at 909–10, 342 P.3d at 621–22 (recognizing that, although the mechanic's lien statutes "will be liberally construed, the statutory requirements must be substantially complied with" (internal quotation marks and citation omitted)).

This Court rejected a similar appeal to public policy in *American Bank*. The Court there was "unable to identify a legitimate policy consideration supporting recovery against the property's replacement [a lien release bond] in those cases where the lien claimant would recover nothing by way of lien foreclosure." *Id.* at 192, 307 P.3d at 1218. I, too, am unable to identify a public policy consideration supporting the conclusion that bond-lien claimants should be afforded another year and a half to prove their lien claims. Parties will now have less incentive to procure bonds because litigation may well be considerably longer on bond-lien claims. Bond obligors all the while will be forced to pay bond premiums while they wait for an action to be filed against the bond. This disincentive undermines the very purpose of the bond around provisions as an alternative framework for resolving lien claims. Because Pro Rentals would not have been able to recover anything on its claim of lien in a foreclosure action, I would affirm the district court's judgment releasing the bond.

For the foregoing reasons, I respectfully dissent.

JUSTICE BRODY CONCURS.